UNITED STATES of America,
Appellee,

v.

**Willard BRUNO MAKES ROOM FOR THEM, Appellant.**

No. 73–1700.

United States Court of Appeals,
Eighth Circuit.

Submitted March 12, 1974.

Decided May 7, 1974.

David L. Bergren, Fort Pierre, S.D.,
for appellant.

Robert D. Hiaring, Asst. U. S. Atty., Sioux Falls, S.D., for appellee.

Before VOGEL, Senior Circuit Judge, and LAY and ROSS, Circuit Judges.

VOGEL, Senior Circuit Judge.

Willard Bruno Makes Room For Them, a 22-year-old male Indian residing on the Rosebud Indian Reservation in South Dakota, was charged by grand jury indictment with two counts of involuntary manslaughter in violation of 18 U.S.C. § 1153 and § 1112. Specifically, Count I charged that on or about the 1st day of July 1972 the defendant did "wilfully (sic), knowingly and unlawfully kill a human being while engaging in the commission in an unlawful manner and without due caution and circumspection, of a lawful act which might produce death, to-wit: in operating or driving a motor vehicle while under the influence of intoxicants, and without due caution and circumspection, and as a result did collide with an embankment, which caused the death of Anna Alvina Brave Hawk, a human being." Count II carried a similar charge with reference to the death of Doris E. Tools. Upon being found by a jury guilty of involuntary manslaughter as charged in Count I and Count II, the defendant was sentenced to two years' confinement with eligibility for parole in accordance with 18 U.S.C. § 4208(a)(2).

■ The first contention on appeal is that the trial court erred in permitting an investigating officer to testify to certain admissions of the appellant. The interview in question took place on July 10, 1972, at the home of the appellant some ten days after the accident. He was not in custody at the time. Before being interviewed he was advised of his Miranda rights, which he waived. Following objection to the testimony of the investigator, with reference to the appellant's admissions, the trial judge very carefully held an in-chambers hearing. Testimony, including that of the appellant himself, was adduced after which the judge concluded that any statements given by the appellant were voluntary and made with full knowledge of his rights as explained to him by the interviewer; that no duress, threats or promises were made, and that the statements were admissible, properly leaving to the jury the ultimate determination. We find no error in the first contention.

The second alleged error is that the trial court permitted an examining doctor to testify with reference to what the appellant now claims to be a doctor-patient privilege. After the accident out of which this prosecution arose, appellant was taken to the Public Health Service Hospital at Rosebud, South Dakota. While there he was examined by Dr. Philip K. Olson, a physician in the employ of the Public Health Service. Over objection, Dr. Olson was allowed to testify as to his findings regarding intoxication of the appellant. The appellant relies upon the statutory law of South Dakota in support of his contention that the testimony of Dr. Olson was privileged information.[1] We find it unnecessary to determine the applicability of the South Dakota statutes,[2] since under the circumstances of this case, the claimed error was not properly preserved for review.

Although originally counsel, in anticipation of the government's offering medical testimony to the effect that the appellant was intoxicated when examined at the hospital shortly after the oc-

---

1. S.D.C.L. (1967) § 23–44–9 and § 19–2–3.

2. We note that under F.R.Crim.P. 26 federal courts have not always agreed upon the applicability of state-created privileges in federal courts. Wright, The Law of Federal Courts, § 93 at 414 (2d Ed. 1970). Professor Wright indicates that in situations where federal courts are dealing with federal law, the testimony should be allowed regardless of the privilege recognized by state law. Wright, *supra*, at 414. Likewise, the Advisory Committee Notes to the Proposed Rules of Evidence for the United States Courts and Magistrates is in accord with Professor Wright. Proposed Rules of Evidence for the United States Courts and Magistrates, Article V, Rule 501, p. 46.

currence of the accident, made objection, his objection was general:

> I object to any testimony of any doctor as to an opinion on any degree of intoxication that might be a bearing on the guilt of the Defendant.

At that time no grounds were given for the objection. It was sustained, however, because of obvious lack of foundation, and the trial judge so stated. Subsequently, after foundation for the medical opinion had been established, Dr. Olson testified, stating that he did have an opinion with reference to the condition from which the appellant was suffering. He was asked to state that opinion. Counsel for appellant objected as follows:

> Now, just a moment. I am going to object again, Your Honor, to that Doctor expressing an opinion for the reason that it lacks foundation.
>
> THE COURT: Overruled. You may answer.
>
> THE WITNESS: I may answer the question?
>
> THE COURT: Yes.
>
> THE WITNESS: Okay. He appeared on the basis of my examination to be under the influence of alcohol.

An examination of the record clearly indicates that the government laid sufficient foundation for the expression by the doctor of his opinion regarding what was wrong with the appellant.

■■ Rule 51 of the Federal Rules of Criminal Procedure provides in pertinent part that an objecting party must make " * * * known to the court the action which he desires the court to take or his objection to the action of the court and the grounds therefor * * *." We agree with the rationale of the Second Circuit that " * * * a specific objection overruled will be effective to the extent of the grounds specified, and no further." United States v. Indiviglio, 352 F.2d 276, 279 (2d Cir. 1965); see, also, Dranow v. United States, 307 F.2d 545, 568 (8th Cir. 1962). Since counsel's objection failed to specify the grounds now claimed, the error, if any, was not preserved for review. Furthermore, we find that the admission of this evidence does not constitute plain error under Rule 52(b) of the Federal Rules of Criminal Procedure.

■ For his third contention, the appellant claims that error was committed in admitting, over objection, testimony as to the extent of one of the decedent's injuries, claiming that to do so was inflammatory and prejudicial where appellant had agreed to stipulate to the cause of death. Resolution of the issue clearly called for an exercise of discretion on the part of the trial court. In the absence of an abuse of such discretion the trial court's determination may not be disturbed on appeal. United States v. DeVerse, 464 F.2d 80 (8th Cir. 1972), cert. denied, 409 U.S. 988, 93 S.Ct. 342, 34 L.Ed.2d 253 (1972); United States v. Leach, 429 F.2d 956 (8th Cir. 1970), cert. denied, 402 U.S. 986, 91 S.Ct. 1675, 29 L.Ed.2d 151 (1971). We find no abuse of discretion. The testimony had some relevancy in connection with establishing the point of impact of the automobile, as well as the speed of the vehicle. We find no error in the admission of the testimony.

■ Appellant's fourth and final claim of error involves the sufficiency of the evidence to sustain the conviction on the two counts of involuntary manslaughter. It is contended that there is a failure to establish that the appellant was driving the automobile at the time of the accident and, second, a failure to establish intoxication on his part. An examination of the record indicates that both contentions are utterly without foundation. The transcript is replete with statements of the appellant's drinking during the day and evening immediately preceding the accident, and that on at least one occasion he passed out. The physician who examined him at the hospital shortly after the occurrence of the accident testified that in his opinion he was "under the influence of alcohol."

As to the question of the sufficiency of the evidence to establish that the appellant was driving the automobile at the time of the accident, we again find

the record replete with testimony and other evidence from which the jury could unerringly conclude that the appellant was the driver of the car at the time of the accident. He was seen many times driving the car on the day and evening preceding the accident. He was the driver when he and his party of five left Cedar Butte, some 12 miles from where the accident occurred. There were six persons in the appellant's automobile, including the appellant himself. Immediately after the accident three of the people were found in the back seat of the car. The body of Anna Brave Hawk was on the ground on the front right side of the car. Doris Tools was partially in the automobile on the front right side. The appellant was outside the car near the open front door on the driver's side. Clearly this claim of insufficiency is without merit.

We have examined the record in this case, conclude that the appellant had a fair trial, and that there was more than ample evidence to support the jury's verdict of guilty.

Affirmed.