UNITED STATES of America, Appellee,

v.

Paul Jonas FREDERICKS, Appellant.

No. 78–1866.

United States Court of Appeals,
Eighth Circuit.

Submitted March 13, 1979.

Decided May 22, 1979.

Orell D. Schmitz of Scholosser & Schmitz, Bismarck, N. D., for appellant.

James R. Britton, U. S. Atty., Fargo, N. D., argued, and James S. Hill, Asst. U. S. Atty., Bismarck, N. D., on brief, for appellee.

Before LAY, ROSS and McMILLIAN, Circuit Judges.

LAY, Circuit Judge.

Defendant was found guilty by a jury on two counts of assault with a dangerous weapon in violation of 18 U.S.C. §§ 113(c) and 1153. Defendant contends the exclusion of certain hearsay evidence at trial and the manner in which the trial judge instructed the jury as to the weapon used in the assault require reversal. We affirm.

In May of 1978 defendant fired an AR–15 semi-automatic rifle at a car carrying two men and the defendant's brother's girl friend, Carmen Fox. At trial the defendant admitted he fired at the car but asserted as his defense that he did not have the specific "intent to do bodily harm" as required by 18 U.S.C. § 113(c). Rather, defendant contended he fired at the car after it had sped past him in order to stop the car. In the alternative defendant argued that he fired at the car in self-defense after he narrowly avoided an attempt by the car driver to run the defendant down.

Carmen Fox was unavailable as a witness at the time of trial. The two male occupants of the car testified at trial that shortly before the shots were fired Fox came running to them and said that the defendant "has a gun," and "let's get the hell out of here; he's going to kill us." Defendant does not claim on this appeal that admission of this evidence was error. Defendant subsequently offered to prove that Carmen Fox had later stated to an investigating officer that one of the male occupants in

the car had said "let's run over him [the defendant]." This evidence was excluded. Defendant contends that the exclusion of this evidence constitutes reversible error. Defendant argues that "Her statement to a federal official indicated that the occupants of the car intended to run down the Defendant, that they saw that he had a gun, and that the Defendant could have fired into the car and . . . its passengers rather than its rear bumper had he chosen."

Defendant argues that the statement was admissible under three theories, Fed.R.Evid. 804(b)(3), Rule 804(b)(5), and as part of the earlier statement which had been offered by the Government and received by the court.

Defendant argues that since Ms. Fox was an occupant in the car "which was used in an assault on the Defendant," her statement to the investigating officer that one of the men in the car said "let's run over [the defendant]" was against *her* penal and pecuniary interests and admissible under Rule 804(b)(3). This argument is totally devoid of merit. In any event, at trial defendant did not assert this novel theory as a basis for the admission of the statement. Federal Rule of Criminal Procedure 51 requires a party to make known to the trial court the specific grounds upon which the admissibility of evidence is urged. Since defendant failed to specify Rule 804(b)(3) as a ground for admission, the alleged error was not preserved for review. *See United States v. Bruno Makes Room For Them*, 496 F.2d 507, 509 (8th Cir. 1974); *United States v. Indiviglio*, 352 F.2d 276, 279–80 (2d Cir. 1965), *cert. denied*, 383 U.S. 907, 86 S.Ct. 887, 15 L.Ed.2d 663 (1966). *Cf. McNeely v. United States*, 353 F.2d 913, 917 (8th Cir. 1965). Nor is the evidence admissible under Fed.R.Evid. 804(b)(5).[1]

---

1. Rule 804(b)(5) reads:

Other exceptions. A statement not specifically covered by any of the foregoing exceptions but having equivalent circumstantial guarantees of trustworthiness, if the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the pro-

ponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence. However, a statement may not be admitted under this exception unless the proponent of it makes known to the adverse party sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to pre-

In *United States v. Carlson*, 547 F.2d 1346 (8th Cir. 1976), we discussed review under Rule 804(b)(5) as follows:

> The statement sought to be admitted under Rule 804(b)(5) must have "circumstantial guarantees of trustworthiness" equivalent to those inherent in the other four exceptions of Rule 804(b). In assessing the qualitative degree of trustworthiness of a particular statement, courts should inquire into the reliability of and necessity for the statement.

547 F.2d at 1354.

The trial court made no finding regarding the reliability of the statement. Here the statement is actually hearsay upon hearsay. Assuming the provisions of 804(b)(5) might be applicable, it should be noted that Carmen Fox was not under oath when interviewed and that the interview took place a day or two after the alleged assault. In light of the fact that Ms. Fox was the girl friend of defendant's brother and lived in the same house as the Fredericks brothers, there existed a possible motive for Fox to tell the investigator a version of the incident which would be more favorable to the defendant.

The trial court found that the requirement of Rule 804(b)(5)(B) that the statement be more probative than any other evidence which could be procured through reasonable efforts was not satisfied. Eyewitnesses to the incident testified as to how close the car came to the defendant. Thus, the jury had sufficient probative evidence before it with which to evaluate defendant's claim of self-defense.

Finally, defendant argues that since the Government was allowed to introduce Ms. Fox's statements that defendant "has a gun," and "let's get the hell out of here; he's going to kill us," defendant should like-wise have been permitted to introduce statements made by Ms. Fox.[2]

However, there is no suggestion that the Government was allowed to introduce portions of Ms. Fox's *interview* statement. Thus, the interview statement's admission cannot be justified as an attempt to meet or explain evidence introduced by the prosecution. *See generally* McCormick on Evidence § 56 (2d ed. 1972); Fed.R.Evid. 106. In light of the hearsay nature of the statement, the limited relevance of the statement, and the availability of other more probative evidence the trial court found that "the interests of justice would [not] best be served by [its] admission." We find the trial court's ruling did not constitute an abuse of discretion.

At the close of all evidence and after the jury instructions had been given, the trial court, on its own initiative and without prior knowledge of counsel, made the following statement:

> Ladies and gentlemen of the jury, you are all necessary in order to render the verdict, which means that you are all unique and you are all invaluable. For that reason, I am not going to let any of you touch the weapon that has been involved in this case. You are instructed that the Marshal, who is an expert in firearms, will be in charge of the weapon. *He will report to you. He will demonstrate the weapon.* He will show you the weapon, but he is charged that he shall never release the weapon from his possession, and you may call him back as often as you wish to see the weapon.

(Emphasis added.)

After the jury retired the defendant objected to the court's protective measure, stating:

---

pare to meet it, his intention to offer the statement and the particulars of it, including the name and address of the declarant.

**2.** In support of this contention defendant relies upon cases which held that exclusion of non-hearsay, defense evidence was reversible error where the government had been allowed to introduce similar evidence. *See United States*

*v. Wertheimer*, 434 F.2d 1004 (2d Cir. 1970); *Breeze v. United States*, 398 F.2d 178 (10th Cir. 1968); *Michael v. United States*, 393 F.2d 22 (10th Cir. 1968). In those cases, however, the reviewing courts found that the presence of unrebutted Government evidence gave the jury a materially distorted view of the factual background which gave rise to the prosecutions.

I will make my objection to the language used on the basis that I believe that the beneficial value of the instruction is exceeded by the possible accrual of prejudice to the Defendant.

Defendant did not request a curative instruction and therefore the trial court accepted the objection as a motion for a mistrial and denied the motion.

■ Initially we note that requiring a United States Marshal to enter the jury deliberation room for purposes of displaying evidence cannot be condoned. Its use is quite possibly per se reversible error. *Cf. Remmer v. United States*, 347 U.S. 227, 229, 74 S.Ct. 450, 98 L.Ed. 654 (1954). *It is undisputed*, however, that the jury did not request to see the weapon and that the Marshal had no contact with the jury during its deliberations. Accordingly, we confine our inquiry to whether the trial court's statement of the precautionary measure prejudiced the jury.

■ Defendant argues that the trial court's comments constituted an unwarranted and prejudicial comment on the evidence. It is argued that the clear inference to be drawn from the court's statement is that the rifle was dangerous. The difficulty with this argument, however, is that the following jury instruction was given without objection:

> You are charged that the AR–15 rifle described and introduced in this case, if used as charged in the indictment, is a dangerous weapon.

Since defendant admitted at trial that he used the rifle as charged he admitted it was dangerous. Indeed, a loaded AR–15 is dangerous per se. *See United States v. Thompson*, 490 F.2d 1218, 1221 (8th Cir. 1974). Thus, although the trial court erred in addressing the jury on the precautionary measures regarding the rifle, and the fact that the Marshal would demonstrate the rifle to the jury, under the circumstances the error did not result in prejudice to the defendant.

Judgment affirmed.