# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 06-3542

———————

United States of America,     *
    *
      Appellee,     *
    *    Appeal from the United States
   v.     *    District Court for the
    *    District of North Dakota.
Miguel Garcia, also known     *
as Michael Garcia,     *    [UNPUBLISHED]
    *
      Appellant.     *

———————

Submitted: October 7, 2008
Filed:  November 12, 2008

———————

Before WOLLMAN, SMITH, and GRUENDER, Circuit Judges.

———————

PER CURIAM.

A jury found Miguel Garcia guilty of conspiring to distribute and possess with intent to distribute more than 500 grams of a methamphetamine mixture, in violation of 21 U.S.C. §§ 841(a)(1), 846, and 18 U.S.C. § 2 (Count I); and possessing with intent to distribute 42.53 grams of a methamphetamine mixture, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), and 18 U.S.C. § 2 (Count II).  The government filed notice under 21 U.S.C. § 851(a)(1) of its intent to rely on two prior convictions to enhance Garcia's sentence to life in prison under 21 U.S.C. § 841(b)(1)(A):  a 1999 conviction for selling methamphetamine and marijuana, in violation of Minn. Stat. Ann. §§ 152.023.1(1) and 152.024.1(4); and a 2005 conviction for conspiring to sell

marijuana, in violation of Minn. Stat. Ann. § 152.025.1(1). The district court[1] sentenced Garcia to concurrent terms of life in prison on Count I and 360 months on Count II.

On appeal, counsel has filed a brief under Anders v. California, 386 U.S. 738, 744 (1967), arguing that the joinder of Garcia's trial with that of his codefendant was prejudicial because there was a spillover effect from the evidence against his codefendant. We find the district court did not abuse its discretion in joining the cases for trial, as the court instructed the jury that they must consider separately each crime charged against each defendant. See United States v. Liveoak, 377 F.3d 859, 864 (8th Cir. 2004) (standard of review for claim that joinder was prejudicial); United States v. Mickelson, 378 F.3d 810, 817-18 (8th Cir. 2004) (where multiple defendants are tried together, risk of undue prejudice is best cured through cautionary jury instruction); United States v. Pecina, 956 F.2d 186, 188 (8th Cir. 1992) ("disparity in the weight of the evidence" does not require severance).

Garcia has filed a pro se supplemental brief, raising several additional arguments, which we reject seriatim as meritless. First, the court did not err, plainly or otherwise, in finding that Garcia had two prior felony drug offenses which subjected him to a mandatory life sentence under section 841(b)(1)(A). See United States v. Roundtree, 534 F.3d 876, 882 (8th Cir. 2008) (felony drug offense is any drug conviction punishable by imprisonment for more than one year; citing 21 U.S.C. § 802(44)). Garcia's reliance on Lopez v. Gonzales, 127 S. Ct. 625, 627-28 (2006) (addressing meaning of "felony punishable under the Controlled Substances Act" for purposes of 18 U.S.C. § 924(c)(2)), is misplaced. Second, Garcia is barred from challenging a search of a vehicle in which he was a passenger, as he did not challenge the search below. See United States v. Lucas, 499 F.3d 769, 785 (8th Cir. 2007) (en

---

[1]The Honorable Ralph R. Erickson, United States District Judge for the District of North Dakota.

banc) ("Generally, both the government and defendants are barred from raising Fourth Amendment arguments for the first time on appeal."), cert. denied, 128 S. Ct. 1702 (2008); cf. United States v. Dixon, 51 F.3d 1376, 1382-83 (8th Cir. 1995) (defendant waived right to challenge search warrant on appeal by failing to challenge it below). Third, this court has previously rejected an argument similar to Garcia's argument that the government failed to prove he had the required intent for the crime because he was under the influence of drugs and he sold drugs only to satisfy his addiction. See United States v. Griffin, 909 F.2d 1222, 1224 (8th Cir. 1990) ("mere addiction to drugs is not a defense to charges of conspiracy to distribute and possession with intent to distribute"). Last, Garcia seems to be confused in arguing that, because section 841(b)(1)(C) does not authorize a life sentence, his sentence violates Apprendi v. New Jersey, 530 U.S. 466 (2000). In reality, he was properly sentenced on Count II to 360 months under section 841(b)(1)(C) (maximum sentence of 30 years for person convicted of offense involving any amount of methamphetamine) and to life on Count I under section 841(b)(1)(A) (mandatory life sentence for person convicted of offense involving 500 grams of methamphetamine mixture after two prior felony drug offenses).

Upon reviewing the record independently under Penson v. Ohio, 488 U.S. 75, 82-84 (1988), we have found no nonfrivolous issues. Accordingly, we affirm. We also grant counsel's motion to withdraw, and deny Garcia's motion for new counsel.

_____