# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-1970

_____

United States of America,

    Plaintiff - Appellee,

v.

Jerome Lanelle Coleman,

    Defendant - Appellant.

\*
\*
\*
\*
\*   Appeal from the United States
\*   District Court for the
\*   District of Nebraska.
\*
\*
\*

_____

Submitted: December 13, 2007
Filed: May 15, 2008

_____

Before LOKEN, Chief Judge, WOLLMAN and SHEPHERD, Circuit Judges.

_____

LOKEN, Chief Judge.

Jerome Lanelle Coleman appeals his conviction and 292-month prison sentence for conspiring to distribute crack cocaine in Lincoln, Nebraska, in violation of 21 U.S.C. § 846. Coleman argues that the evidence was insufficient to support the conviction, the sentence is unreasonable, and the district court[1] failed to make specific perjury findings to support an obstruction-of-justice enhancement. We affirm.

_____

[1]The HONORABLE RICHARD G. KOPF, United States District Judge for the District of Nebraska.

1. The indictment charged that Coleman conspired to distribute fifty grams or more of crack cocaine in the District of Nebraska between January 1, 1998, and May 19, 2006. At trial, ten cooperating government witnesses testified regarding the distribution of large quantities of crack cocaine in Lincoln during this period. Damario Waters testified that Coleman and others provided money that Waters used to purchase large quantities of powder cocaine in Houston. Waters then cooked the powder into crack cocaine and divided it into distribution quantities for Coleman and Waters's other customers. Waters's girlfriend, his partner, and one of his customers corroborated much of his testimony. In some instances, one of them accompanied Waters on trips to Coleman's place of business for apparent drug transactions. Three other witnesses testified they bought crack from Coleman, another witness bought and sold crack with Coleman's relatives and employee, and another testified that she waited in a car while her friend bought crack from Coleman outside his shop.

Coleman argues that this evidence was insufficient to convict him of conspiracy because Waters and the other cooperating witnesses lied, as Coleman testified at trial. We have repeatedly upheld jury verdicts based solely on the testimony of co-conspirators and cooperating witnesses, noting that it is within the province of the jury to make credibility assessments and resolve conflicting testimony. United States v. Velazquez, 410 F.3d 1011, 1015-16 (8th Cir.), cert. denied, 546 U.S. 971 (2005). Here, numerous cooperating witnesses testified to Coleman's substantial involvement in a long-standing conspiracy to distribute crack cocaine. There were no material conflicts in this evidence, other than Coleman's blanket denials, and it was corroborated by the testimony of police officers who discovered suspiciously large quantities of cash after two unrelated traffic stops. The evidence was clearly sufficient to convict Coleman of conspiring to distribute fifty grams or more of crack cocaine. The government proved far more than an isolated buyer-seller transaction that may fall short of establishing a conspiracy to distribute. See United States v. Montano-Gudino, 309 F.3d 501, 505-06 (8th Cir. 2002).

2. Coleman argues that his 292-month prison sentence is unreasonable. At sentencing, the district court sustained Coleman's objection to the calculation of his criminal history points in the Presentence Investigation Report (PSR). This reduced the advisory guidelines sentencing range from 324-405 months to 292-365 months. The government then urged a 324-month sentence; counsel for Coleman urged a sentence at the bottom of the adjusted range, 292 months. After noting that the guidelines are now advisory and reviewing the sentencing factors in 18 U.S.C. § 3553(a), the court determined that a sentence at the bottom of the advisory range, 292 months, was reasonable. The court committed no procedural sentencing error. We conclude that the sentence was reasonable applying the deferential abuse-of-discretion standard mandated by Gall v. United States, 128 S. Ct. 586, 600 (2007).[2]

3. In a *pro se* supplemental brief, Coleman first argues that the district court erred in accepting the drug quantity recommended in the PSR. Coleman did not object to this recommendation. Therefore, the issue was not properly preserved, and the district court committed no plain error. See Fed. R. Crim. P. 32(f)(1), 32(i)(3)(A).

Second, Coleman argues that the district court clearly erred in imposing a two-level obstruction of justice enhancement without adequate independent findings that he committed perjury in testifying at trial. Specifically contradicting the government's cooperating witnesses, Coleman testified that he never sold crack cocaine to anyone and was unaware that his friends and relatives were involved in drug trafficking. The PSR recommended an obstruction of justice enhancement based on this untruthful testimony. Coleman objected to the recommendation. At

[2]At oral argument, counsel for Coleman urged a remand for resentencing under the recent retroactive amendments to the guidelines that apply to crack cocaine offenses. As Coleman did not raise this issue in the district court, it is more appropriately addressed in a motion to that court under 18 U.S.C. § 3582(c)(2). See United States v. King, 518 F.3d 571, 575-77 (8th Cir. 2008); compare United States v. Whiting, --- F.3d ---, 2008 WL 961171 (8th Cir. Apr. 10, 2008).

sentencing, the government submitted excerpts of the trial testimony of Coleman and two government witnesses, arguing these were specific instances where Coleman's categorical denials were "plainly untruthful." The district court overruled the objection, finding that Coleman "perjured himself at trial, first of all by denying what was apparent . . . he's a drug dealer, and for all the other reasons that [the prosecutor has] outlined." As in United States v. Brown, 311 F.3d 886, 890 (8th Cir. 2002), Coleman "testified on the central issues at trial, and the [prosecutor] identified specific ways in which that testimony was contrary to the jury's verdict." On this record, there was no clear error in imposing the enhancement.

The judgment of the district court is affirmed.

_____