# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-3606

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Southern District of Iowa. |
| Antwan Elvago Coplen, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: May 13, 2008
Filed: July 17, 2008

_____

Before RILEY, BOWMAN, and HANSEN, Circuit Judges.

_____

BOWMAN, Circuit Judge.

A jury convicted Antwan Elvago Coplen on one count of conspiracy to distribute cocaine powder and at least fifty grams of cocaine base (crack). The District Court[1] sentenced him to life in prison as a career offender. Coplen appeals the conviction.

After he filed his opening brief in this case, Coplen obtained new counsel. Her reply brief on behalf of Coplen addresses the sufficiency-of-the-evidence issue raised

_____

[1]The Honorable Ronald E. Longstaff, United States District Judge for the Southern District of Iowa.

in Coplen's opening brief and the concomitant arguments that the District Court erred in denying Coplen's motion for judgment of acquittal or, in the alternative, a new trial. But the reply brief also advances three new issues not raised in the opening brief. According to Coplen, the District Court abused its discretion in admitting evidence of a prior conviction, committed plain error in failing to give an accomplice-witness instruction to the jury, and abused its discretion in denying Coplen's request for new counsel. This Court ordinarily will not address issues raised for the first time in an appellant's reply brief. United States v. Martinson, 419 F.3d 749, 753 (8th Cir. 2005). And to the extent the new claims challenge the effectiveness of Coplen's trial counsel, those issues are best left for resolution by way of a motion for post-conviction relief anyway. See id. That leaves for adjudication in this appeal only the sufficiency-of-the-evidence issue and Coplen's corresponding objections to the denial of his motion for judgment of acquittal or a new trial.[2]

The basis for Coplen's post-verdict motion for judgment of acquittal or, in the alternative, a new trial is his position, which he maintains in this Court, that the evidence was insufficient to support a finding of guilt beyond a reasonable doubt. At trial, the direct evidence of Coplen's drug-dealing was admitted through the testimony of nine people who were involved, in one way or another, in the conspiracy charged.

---

[2]On April 15, 2008, while this appeal was pending, Coplen filed in the District Court a motion for a new trial based on newly discovered evidence. See Fed. R. Crim. P. 33(b)(1). He then filed a motion in this Court for a limited remand so that the District Court could dispose of the new-trial motion. We denied the motion for remand on May 1, 2008, before this case was submitted on the merits on May 13, 2008. The District Court has now denied Coplen's motion for a new trial based on newly discovered evidence. See United States v. Cronic, 466 U.S. 648, 667 n.42 (1984) ("The District Court had jurisdiction to entertain the motion [while the appeal was pending] and either deny the motion on its merits, or certify its intention to grant the motion to the Court of Appeals, which could then entertain a motion to remand the case."). Coplen has filed a notice of appeal from that decision, which has been docketed separately from this appeal.

Coplen asserts that the "evidence presented against [him] at trial was in the form of testimony by incarcerated, interested witnesses, hoping to get sentence reductions," and there was no other evidence to corroborate that testimony. Br. of Appellant at 19. But "[w]e have repeatedly upheld jury verdicts based solely on the testimony of co-conspirators and cooperating witnesses." United States v. Coleman, 525 F.3d 665, 666 (8th Cir. 2008). Although the witnesses who testified to Coplen's drug-dealing did so with the hope (although not the promise) of reduced sentences, that did not render the testimony inherently unreliable or require that it be corroborated in order to be sufficient to sustain the conviction. See United States v. Baker, 367 F.3d 790, 798 (8th Cir. 2004). The accomplice-witnesses testified at trial that they anticipated reductions in their own criminal sentences in exchange for testifying against Coplen, so the jurors were fully aware of the constraints under which the government's witnesses may have testified and the possible motivation to perjure themselves. Moreover, the testimony was not incredible on its face, and it is well established that questions of credibility are otherwise for the jury to decide. See United States v. McAtee, 481 F.3d 1099, 1104–05 (8th Cir. 2007). Here, the jury chose to credit some—if not all—of the co-conspirators' testimony, as demonstrated by the verdict.

Coplen argues that he was entitled to a post-verdict judgment of acquittal under Rule 29 of the Federal Rules of Criminal Procedure. We review de novo the District Court's denial of Coplen's motion for judgment of acquittal. See United States v. Sturdivant, 513 F.3d 795, 800 (8th Cir. 2008). We view the evidence in the light most favorable to the government, resolve conflicting evidence in the government's favor, and accept all reasonable inferences that may be drawn from the evidence where those inferences support the verdict. Id. Eight of the nine witnesses in question testified to engaging in drug transactions with Coplen; the ninth testified that she witnessed Coplen dealing drugs. If we view the evidence in the light most favorable to the verdict, as we must, we conclude that a "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt," notwithstanding Coplen's objections to the unsavory character of some of the witnesses. Jackson v. Virginia,

443 U.S. 307, 319 (1979). We cannot say that the District Court erred in denying Coplen's motion for judgment of acquittal.

Coplen contends that even if his motion for judgment of acquittal was properly denied, he should have been granted a new trial. In ruling on a motion for a new trial under Rule 33 of the Federal Rules of Criminal Procedure, unlike a Rule 29 motion for judgment of acquittal, a district court has discretion to "weigh the evidence and evaluate the credibility of the witnesses," but the court must allow the verdict to stand unless a miscarriage of justice may have occurred. Sturdivant, 513 F.3d at 802. The District Court, in its order denying Coplen's post-verdict motion, noted that the evidence of Coplen's guilt was "overwhelming." Order of July 18, 2007. But Coplen claims that the verdict in this case is nevertheless a miscarriage of justice and a new trial is required, again basing his argument on the credibility and character of the witnesses who presented the bulk of the government's case against him. As we explained above, the verdict is not called into question simply because of the nature of the witnesses against Coplen. The District Court did not find a miscarriage of justice, and we cannot say that the court abused its discretion in denying Coplen's motion for a new trial. See Sturdivant, 513 F.3d at 802 (standard of review).

The judgment of the District Court is affirmed.

_____

-4-