# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2384

_____

United States of America,

        Appellee,

v.

Antwan Elvago Coplen,

        Appellant.

*
*
*
*
*  Appeal from the United States
*  District Court for the
*  Southern District of Iowa.
*
*
*

_____

Submitted:  March 9, 2009
Filed:  May 26, 2009

_____

Before WOLLMAN, BRIGHT, and COLLOTON, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

Antwan Elvago Coplen was convicted of conspiracy to distribute cocaine, in violation of 21 U.S.C. § 846, and sentenced to life in prison as a career offender. He appeals the district court's[1] denial of his motion for a new trial on the basis of newly discovered evidence. We affirm.

_____

[1]The Honorable Ronald E. Longstaff, United States District Judge for the Southern District of Iowa.

## I.

Coplen was one of a number of individuals prosecuted for involvement in a Des Moines, Iowa, drug ring that operated between approximately 2004 and 2007. In an earlier appeal, we noted the district court's observation that the evidence against Coplen was "overwhelming." United States v. Coplen, 533 F.3d 929, 931 (8th Cir. 2008). Nine cooperating witnesses testified to either participating in or observing cocaine deals involving Coplen. Although Coplen vigorously contested the witnesses' credibility, the jury found him guilty, and we affirmed the sufficiency of the evidence on appeal.

While that appeal was pending before this court, Coplen filed in the district court a motion for a new trial, which he argued was necessary because he had discovered three additional types of evidence. First, he pointed to the fact that many of the witnesses who testified for the government in his case also testified in related cases in which the juries had acquitted the defendants. Coplen argued that these acquittals, along with alleged inconsistencies in some of the testimony, established that the witnesses in his trial had committed perjury. Second, Coplen claimed that two individuals who served as defense witnesses in a subsequent trial—Sheniqua McDowell and Richard Weigel—provided testimony that would have assisted his case. Specifically, McDowell testified that Billie Haygood (one of the government's witnesses against Coplen) had a reputation for being a liar, and Weigel testified that Charles Webster (another witness against Coplen) had been in a bar fight with Coplen at about the same time that Webster and Coplen were allegedly doing drug deals. Finally, Coplen claimed to have just discovered testimony from Jeff Scott and Onterrail Altman, both of whom were housed in the same jail as the government's witnesses, that several witnesses who testified against Coplen had conspired to fabricate testimony so they could get sentence reductions. According to Coplen, Scott and Altman testified to this effect in a related trial that predated his own trial by several months.

II.

We review for abuse of discretion a district court's denial of a motion for a new trial. United States v. Zuazo, 243 F.3d 428, 431 (8th Cir. 2001). To receive a new trial based on newly discovered evidence, a defendant must show "(1) that the evidence was not discovered until after the trial; (2) that due diligence would not have revealed the evidence; (3) that the evidence is not merely cumulative or impeaching; (4) that the evidence is material; and (5) that the evidence is such as to be likely to lead to acquittal." Id. Coplen has not met this standard.

As an initial matter, it is far from certain that the additional evidence Coplen cites was unavailable at the time of his trial. All of the evidence stems from witness testimony in related trials, several of which occurred before Coplen's. Although McDowell and Weigel testified in a subsequent trial, Coplen has not explained why the exercise of reasonable diligence would not have revealed their testimony. Moreover, a new trial is not warranted when, as here, the additional evidence would be merely impeaching. At most, McDowell's and Weigel's testimony would cast some doubt on the veracity of two of the government's nine witnesses. Similarly, Scott's and Altman's testimony—that some of the government's witnesses had discussed making up stories—would not have established that those witnesses were lying about Coplen. And taken as a whole, we cannot say that the additional evidence would likely result in an acquittal.

Coplen contends that we should evaluate the evidence under a less exacting standard because the government knowingly used perjured testimony and withheld exculpatory statements that were material under Brady v. Maryland, 373 U.S. 83 (1963). See, e.g., United States v. Peterson, 223 F.3d 756, 763 (8th Cir. 2000) (explaining the standard for knowing use of perjured testimony); United States v. Ryan, 153 F.3d 708, 711-12 (8th Cir. 1998) (explaining the standard for a Brady violation). Coplen argues that acquittals in other trials involving the same witnesses

prove that the witnesses committed perjury in his case. He also maintains that the government knew that its witnesses were testifying falsely, and that the government withheld information from Scott and Altman to that effect. Both of these arguments fail.

It is difficult to see how the acquittals in other trials are relevant to Coplen's case. Juries may choose to acquit a defendant for any number of reasons, and even in the same trial, "[i]nconsistent verdicts are not, on their own, sufficient grounds for reversal or a new trial." United States v. Whatley, 133 F.3d 601, 606 (8th Cir. 1998). Likewise, the mere presence of conflicts in witness testimony is insufficient to establish perjury. See Peterson, 223 F.3d at 763. The acquittals and allegedly conflicting testimony to which Coplen points fail to demonstrate perjury, much less the government's knowing use of fabricated testimony.

Coplen is also unable to establish a Brady violation. "The government does not suppress evidence in violation of Brady by failing to disclose evidence to which the defendant had access through other channels." Zuazo, 243 F.3d at 431. Both Scott and Altman testified as defense witnesses in a related trial that predated Coplen's by several months and their testimony was a matter of public record. As the district court also noted, the government apparently provided information about Scott and Altman to Coplen in a discovery inventory. Finally, even under the Brady standard, the evidence would not warrant a new trial because it does not create a reasonable probability that the result of Coplen's trial would have been different. See Ryan, 153 F.3d at 712 (quoting Kyles v. Whitley, 514 U.S. 419, 433-34 (1995)).

For the foregoing reasons, we conclude that the district court did not abuse its discretion when it denied Coplen a new trial.

The judgment is affirmed.

_____