# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-3633

_____

United States of America,  *
                           *
  Plaintiff–Appellee,  *
                           *  Appeal from the United States
 v.                       *  District Court for the Northern
                           *  District of Iowa.
Gokgok Puok,               *
also known as Go Go,       *  [UNPUBLISHED]
                           *
  Defendant–Appellant.  *

_____

Submitted: June 12, 2009
Filed: July 23, 2009

_____

Before MELLOY, BEAM, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

  A jury convicted Gokgok Puok of one count of conspiracy to distribute and possess with intent to distribute cocaine base ("crack cocaine"), in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846, after having already been convicted of two or more prior felony drug offenses. See 21 U.S.C. § 851. The jury also convicted Puok of two counts of possession with intent to distribute crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). At the close of the government's case, Puok moved for judgment of acquittal based on the sufficiency of the evidence. The

district court[1] denied the motion.  Following the jury's verdict, Puok filed a renewed motion for judgment of acquittal or, in the alternative, a motion for a new trial.  The district court denied both of those motions and sentenced Puok to 240 months' imprisonment and 10 years' supervised release.  Puok appeals, arguing that the district court erred in denying his motions for judgment of acquittal and his motion for a new trial.  Puok claims that insufficient evidence supported the jury's verdict and that the verdict constitutes a miscarriage of justice.  We affirm.

I.

Puok argues that the district court erred in denying his motions for judgment of acquittal based on sufficiency of the evidence.  We review the denial of a motion for judgment of acquittal de novo.  United States v. Coplen, 533 F.3d 929, 931 (8th Cir. 2008).  In doing so, this court "view[s] the evidence in the light most favorable to the government, resolve[s] conflicting evidence in the government's favor, and accept[s] all reasonable inferences that may be drawn from the evidence where those inferences support the verdict."  Id.  "The court will reverse a jury's verdict only where no reasonable jury could have found the accused guilty beyond a reasonable doubt."  United States v. Thomas, 565 F.3d 438, 441 (8th Cir. 2009) (quotation and alteration omitted).

To convict Puok of conspiracy to distribute and possess with intent to distribute crack cocaine, the government was required to submit evidence sufficient to prove beyond a reasonable doubt that (1) there was an agreement to distribute the drug, (2) Puok knew of the agreement, and (3) he knowingly joined in the agreement. See United States v. Johnson, 439 F.3d 947, 954 (8th Cir. 2006).  To convict Puok of each of the two counts of possession of crack cocaine with intent to distribute, the

---

[1] The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa.

government was required to show beyond a reasonable doubt that Puok: "(1) was in possession of cocaine base, (2) knew he was in possession of cocaine base, and (3) intended to distribute some or all of the cocaine base." United States v. Thompson, 285 F.3d 731, 733 (8th Cir. 2002).

Ample evidence supports the jury's verdict for each element of all three counts. At trial, the government presented testimony from four cooperating witnesses. The first witness testified that he had participated in a controlled buy of crack cocaine from Puok and had previously purchased crack cocaine from Puok on more occasions than he was able to remember. On both direct and cross examination, the witness admitted that he had agreed to help law enforcement officials and testify against Puok in an effort to avoid prison time. The second cooperating witness testified that while she did not know Puok, she had purchased crack cocaine from Puok's codefendant four or five times. On both direct and cross examination, the second witness admitted that she was cooperating as part of a plea agreement and that she had entered that agreement with the hopes of receiving a lesser sentence for several drug crimes.

The third cooperating witness testified that she had purchased crack cocaine from Puok and one of his co-conspirators roughly five times and had driven Puok from Sioux City, Iowa, to Lincoln, Nebraska, so that Puok could purchase crack cocaine for resale in Iowa. On both direct and cross examination, the third witness conceded that she was testifying for the government in hopes of avoiding drug charges. On cross examination, in an effort to expose potential infirmities in the witness's testimony, Puok and his codefendant questioned the third witness about a previous conviction for felony forgery, inconsistencies in her story, and potential flaws in her memory.

The fourth and final cooperating witness testified that Puok had purchased approximately two ounces of crack cocaine from him on three different occasions. On direct examination, the government established that the witness was a cooperating

witness, and, on cross examination, the witness admitted to testifying in the hopes of receiving a lesser sentence for a drug crime. Cross examination also revealed some inconsistencies between the fourth witness's trial testimony and a police report. The witness, in fact, asserted that, initially, he had lied to the police.

Additionally, as part of its case-in-chief, the government presented evidence apart from the testimony of the cooperating witnesses. Sioux City police officers testified about two controlled purchases of crack cocaine from Puok that they had set up with the help of two different confidential informants. One of those officers testified that marked currency used in one of the controlled purchases was recovered from Puok upon his arrest. The government also introduced a transcript of a recorded phone call between Puok and a confidential informant for the purpose of setting up a crack-cocaine buy, as well as other audio and video surveillance tapes of drug activity involving Puok and his codefendant.

Puok characterizes this case as hinging solely on the testimony of the cooperating witnesses. He argues that the testimony of those witnesses was insufficient to support his conviction because they had personal incentives to cooperate with the government and, as a result, were not credible. We find this claim unpersuasive.

"We have repeatedly upheld jury verdicts based solely on the testimony of co-conspirators and cooperating witnesses" despite the fact that they testified with the hope of receiving leniency in exchange for their cooperation. United States v. Coleman, 525 F.3d 665, 666 (8th Cir.), cert. denied, 129 S. Ct. 430 (2008). The cooperating witnesses' motivations do not make their testimony "inherently unreliable," Coplen, 533 F.3d at 931, and this is particularly the case when the fact of the cooperation was "made clear to the jury . . . during direct and cross examination." United States v. Cannon, 475 F.3d 1013, 1016 n.2 (8th Cir. 2007). Here, the record reflects that Puok repeatedly and thoroughly called the witnesses' motivations and

credibility into question.  Ultimately, however, the jury appears to have credited the witnesses' testimony.  It is not our charge on appeal to second-guess the jury's credibility determinations.  See, e.g., United States v. Bower, 484 F.3d 1021, 1025–26 (8th Cir. 2007); United States v. Lopez, 443 F.3d 1026, 1031 (8th Cir. 2006) (en banc).

Furthermore, as outlined above, contrary to Puok's characterization of the case, there was incriminating evidence apart from the testimony of cooperating witnesses, including police-officer testimony and other direct evidence of Puok's involvement in the charged drug crimes that demonstrated Puok's criminal conduct.  Viewing the evidence in the light most favorable to the verdict, then, we find it sufficient to support the convictions.  As a result, we hold that the district court did not err in denying Puok's motions for judgment of acquittal.

II.

Puok also argues that the district court erred in denying his motion for a new trial under Federal Rule of Criminal Procedure 33.  See Fed. R. Crim P. 33(a) (permitting the court to "vacate any judgment and grant a new trial if the interest of justice so requires").  When deciding whether to grant such a motion, the "district court has discretion to weigh the evidence and evaluate the credibility of witnesses, but the court must allow the verdict to stand unless a miscarriage of justice may have occurred."  Coplen, 533 F.3d at 931 (quotation omitted).  We review the denial of a motion for a new trial for abuse of discretion.  United States v. Cole, 537 F.3d 923, 926 (8th Cir.), cert. denied, 129 S. Ct. 751 (2008).

Puok argues that the jury's verdict resulted in a miscarriage of justice and that a new trial is required because the witnesses who testified against him were not credible given their motivations to provide assistance to the government.  This argument is essentially a reiteration of Puok's appeal of the motions to acquit and

amounts to a sufficiency-of-the-evidence challenge. "Motions for new trials based on the weight of the evidence are generally disfavored," United States v. Campos, 306 F.3d 577, 579 (8th Cir. 2002), and we believe that Puok's argument centering on the credibility of the cooperating witnesses "is no more compelling on the issue of a new trial than it was on the issue of judgment of acquittal." United States v. Samuels, 543 F.3d 1013, 1019–20 (8th Cir. 2008), cert. denied, 129 S. Ct. 1921 (2009). As outlined above, the evidence at trial was sufficient to support the verdict. And this is not a case where "despite the abstract sufficiency of the evidence to sustain the verdict, the evidence preponderates sufficiently heavily against the verdict [such] that a serious miscarriage of justice may have occurred." United States v. Walker, 393 F.3d 842, 847–48 (8th Cir. 2005) (quotation omitted). As discussed, the government presented ample evidence of Puok's involvement in the crimes charged apart from the cooperating-witness testimony that Puok appears to challenge.

The district court considered Puok's motion for a new trial and found that it was unwarranted. We find that the district court did not abuse its discretion in concluding that the "interests of justice" did not merit such relief. See Fed. R. Crim P. 33(a); see, e.g., Coplen, 533 F.3d at 931–32 (finding no error in the district court's denial of a motion for judgment of acquittal and a motion for a new trial where the government presented trial testimony from nine people who had been involved in the drug conspiracy, despite the fact that the defendant claimed that the witnesses were "'incarcerated, interested witnesses, hoping to get sentence reductions'").

III.

We affirm the judgment of the district court.

_____