# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-1538

_____

United States of America,           *
                                     *
           Appellee,                 *
                                     *   Appeal from the United States
     v.                              *   District Court for the
                                     *   District of Nebraska.
Mary Elizabeth McDaniel,             *
                                     *   [UNPUBLISHED]
           Appellant.                *

_____

Submitted: December 13, 2010
Filed: December 27, 2010

_____

Before LOKEN, ARNOLD, and BYE, Circuit Judges.

_____

PER CURIAM.

        Mary McDaniel appeals her conviction by a jury for conspiracy to distribute fifty grams or more of crack cocaine in violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 841(b)(1) and 846. The district court[1] sentenced McDaniel to 151 months' imprisonment. On appeal, McDaniel contends the evidence at trial was insufficient to sustain her conviction and the district court erred by denying her motion for acquittal. We affirm.

_____

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

We review the sufficiency of the evidence de novo, viewing the evidence in the light most favorable to the jury's verdict. United States v. Zierke, 618 F.3d 755, 760 (8th Cir. 2010). "When considering a challenge to a conspiracy conviction based upon sufficiency of the evidence, we will affirm if the record, viewed most favorably to the government, contains substantial evidence supporting the jury's verdict, which means evidence sufficient to prove the elements of the crime beyond a reasonable doubt." United States v. Bowie, 618 F.3d 802, 812 (8th Cir. 2010) (internal quotation marks and citation omitted). To establish a conspiracy under 21 U.S.C. § 846, the government must prove (1) there was a conspiracy; (2) the defendant knew of the conspiracy; and (3) the defendant intentionally became part of the conspiracy. Id.

McDaniel confines her argument to attacking the credibility of the government's witnesses at trial, many of whom had received or were attempting to receive cooperation agreements with reduced sentences. "It is axiomatic that we do not pass upon the credibility of witnesses or the weight to be given their testimony." United States v. Clay, 618 F.3d 946, 950 (8th Cir. 2010) (internal quotation marks and citation omitted). Rather, "[w]e have repeatedly upheld jury verdicts based solely on the testimony of co-conspirators and cooperating witnesses, noting that it is within the province of the jury to make credibility assessments and resolve conflicting testimony." United States v. Coleman, 525 F.3d 665, 666 (8th Cir. 2008). Multiple cooperating witnesses established McDaniel was a member of a conspiracy to distribute crack cocaine. Viewed in the light most favorable to the verdict, this testimony, was sufficient to establish McDaniel conspired to distribute crack cocaine. See United States v. Wilder, 597 F.3d 936, 943 (8th Cir. 2010) ("If [the government's witness's] testimony was believed, it was sufficient to establish that [the defendant] knowingly and intentionally distributed a controlled substance.").

Accordingly, we affirm McDaniel's conviction.
_____