# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-2035

_____

United States of America,      *
               *
    Plaintiff-Appellee,   *
               *  Appeal from the United States
  v.           *  District Court for the
               *  District of Nebraska.
Jobita Willetta Avery,      *
               *   [UNPUBLISHED]
    Defendant-Appellant.  *

_____

Submitted:  December 17, 2010
Filed:  January 25, 2011

_____

Before WOLLMAN, BRIGHT, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

   A jury convicted Jobita Willetta Avery of conspiracy to distribute and possess with intent to distribute 50 grams or more of cocaine base and less than 500 grams of cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1), and 841(b)(1)(A)(iii).  The district court[1] sentenced Avery to 135 months' (11 years, 3 months) imprisonment.  Avery appeals, challenging the evidence to support her conviction.  We affirm.

_____

   [1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

We review Avery's insufficiency-of-the-evidence challenge *de novo*, viewing the evidence in the light most favorable to the jury's verdict. *United States v. Johnson*, 519 F.3d 816, 821 (8th Cir. 2008). We accept all reasonable inferences that support the verdict and will reverse only if no reasonable jury could have found Avery guilty beyond a reasonable doubt. *Id.*

To convict Avery of conspiracy to distribute drugs, the government needed to prove: (1) there was a conspiracy with an illegal purpose; (2) the defendant knew of the conspiracy; and (3) the defendant intentionally became a part of the conspiracy. *United States v. Bowie*, 618 F.3d 802, 812 (8th Cir. 2010). Direct evidence of a conspiracy is not required. *United States v. Parker*, 587 F.3d 871, 880 (8th Cir. 2009).

Several witnesses testified that Avery and her co-defendant Jaktine Moore sold them cocaine and crack cocaine and that Avery would go to Moore when she needed more drugs to sell. Avery attacks the credibility of these witnesses, arguing that the testimony was inconsistent and that the witnesses testified as a result of plea agreements with the government.

But credibility determinations are virtually unassailable on appeal. *See United States v. Coleman*, 525 F.3d 665, 666 (8th Cir. 2008) ("We have repeatedly upheld jury verdicts based solely on the testimony of co-conspirators and cooperating witnesses, noting that it is within the province of the jury to make credibility assessments and resolve conflicting testimony."). While there may be discrepancies in the witnesses' testimony, these issues were presented to, and rejected by, the jury. Viewing the evidence in the light most favorable to the verdict, sufficient evidence established that Avery conspired to distribute cocaine and crack cocaine.

Accordingly, we affirm Avery's conviction.

_____