# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-2457

_____

United States of America

*Plaintiff - Appellee*

v.

David Hurl Lemmon

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Arkansas - Ft. Smith

_____

Submitted: March 16, 2018
Filed: May 3, 2018
[Unpublished]

_____

Before WOLLMAN, SHEPHERD, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

A jury convicted David Hurl Lemmon of conspiring to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii), and 846 and of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1),

924(a)(2), and 924(e)(1). The district court[1] sentenced Lemmon to 420 months' imprisonment on the drug-distribution conviction and 180 months on the firearms-possession conviction to run concurrently. Lemmon appeals, arguing that the jury lacked sufficient evidence to convict him of either offense and that the sentence is substantively unreasonable. We affirm.

Lemmon first argues that he cannot be convicted of conspiring to distribute methamphetamine because "[t]he only evidence against [him] . . . was the testimony of alleged co-conspirators." At its core, Lemmon's argument is that the eyewitness testimony connecting him to the conspiracy is not credible and that the circumstantial evidence against him is inconclusive. "We have repeatedly upheld jury verdicts based solely on the testimony of co-conspirators and cooperating witnesses, noting that it is within the province of the jury to make credibility assessments and resolve conflicting testimony." United States v. Coleman, 525 F.3d 665, 666 (8th Cir. 2008) (citing United States v. Velazquez, 410 F.3d 1011, 1015-16 (8th Cir. 2005)). We likewise uphold the conviction here.

Lemmon also argues that he cannot be convicted of being a felon in possession of a firearm because the firearms found at his house belonged to his girlfriend. To prove constructive possession of a firearm, the government needed to show that Lemmon had "both knowledge that the [firearm] [wa]s present and dominion over the premises where the contraband [wa]s located." United States v. Ways, 832 F.3d 887, 897 (8th Cir. 2016) (citing United States v. McClellon, 578 F.3d 846, 854 (8th Cir. 2009)). At a minimum, the jury heard testimony that Lemmon and his girlfriend were the only adult occupants of the house and that law enforcement discovered a .40 caliber pistol in the master bedroom closet of Lemmon's residence, where both men's and women's clothing was present. Viewing this testimony in the light most

_____

[1]The Honorable P.K. Holmes, III, Chief Judge, United States District Court for the Western District of Arkansas.

favorable to the verdict, the jury could reasonably infer that Lemmon had knowledge of the firearm and dominion over the location where the firearm was located. United States v. Jirak, 728 F.3d 806, 811 (8th Cir. 2013) (standard of review).[2]

Lemmon further argues that his 420 month sentence is substantively unreasonable because the "sentence is greater than necessary to comply with the purposes set forth in [the U.S. Sentencing Guidelines (Guidelines)]." The district court carefully considered the relevant Guidelines, however, and varied downward from the advisory Guidelines' sentence of life imprisonment. We thus conclude that the district court did not abuse its discretion in imposing its sentence. United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (standard of review); see also United States v. Moore, 581 F.3d 681, 684 (8th Cir. 2009) ("[W]here a district court has sentenced a defendant below the advisory guidelines range, 'it is nearly inconceivable that the court abused its discretion in not varying downward still further.'" (quoting United States v. Lazarski, 560 F.3d 731, 733 (8th Cir. 2009))).

The judgment is affirmed.[3]

_____

[2]Lemmon argues that the district court erred by admitting video footage from a digital video recorder found at Lemmon's residence. Given the evidence at trial, any error in the admission of the video footage was harmless. United States v. Byler, 98 F.3d 391, 394 (8th Cir. 1996) (standard of review).

[3]We have reviewed and now deny the pending motion for leave to file a *pro se* supplemental brief.