# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-2324

_____

United States of America

*Plaintiff - Appellee*

v.

Scott Allen Haren

*Defendant - Appellant*

_____

No. 17-2371

_____

United States of America

*Plaintiff - Appellee*

v.

Jennifer Marie Chastain

*Defendant - Appellant*

_____

Appeals from United States District Court
for the Northern District of Iowa - Waterloo

_____

Submitted: May 17, 2018
Filed: July 27, 2018
[Unpublished]

_____

Before WOLLMAN, BENTON, and STRAS, Circuit Judges.
_____

PER CURIAM.

Scott Allen Haren and Jennifer Marie Chastain appeal their convictions for conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846. Haren argues that the district court[1] erred by denying his motion for judgment of acquittal and by imposing a substantively unreasonable sentence. Chastain argues that the district court improperly instructed the jury. We affirm.

## I. Motion for Judgment of Acquittal

To convict Haren of conspiracy to distribute methamphetamine, the government needed to prove "(1) that there was a conspiracy;" "(2) that [Haren] knew of the conspiracy; and (3) that [Haren] intentionally joined the conspiracy." United States v. Conway, 754 F.3d 580, 587 (8th Cir. 2014) (quoting United States v. Slagg, 651 F.3d 832, 840 (8th Cir. 2011)). When reviewing "the denial of a motion for judgment of acquittal based on insufficiency of the evidence, we consider the evidence in the light most favorable to the verdict and reverse only if no rational fact finder could have found the defendant guilty beyond a reasonable doubt." United States v. Seibel, 712 F.3d 1229, 1236 (8th Cir. 2013) (quoting United States v. Kirkie, 261 F.3d 761, 768 (8th Cir. 2001)).

---

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

Haren argues that the government's evidence was insufficient because the co-conspirators who testified against him were not credible and no forensic evidence linked him to the methamphetamine. This argument ignores, however, the substantial evidence establishing Haren's guilt. Three cooperating witnesses—J.C., K.G., and E.S.—all testified that they had purchased methamphetamine from Haren. K.G. and E.S. further testified that Haren obtained the methamphetamine from Las Vegas—a fact confirmed by witness T.N., who had traveled with Haren to Las Vegas to obtain methamphetamine, and supported by hotel receipts indicating Haren's presence in the city. Because "[w]e have repeatedly upheld jury verdicts based solely on the testimony of co-conspirators and cooperating witnesses, noting that it is within the province of the jury to make credibility assessments and resolve conflicting testimony," we likewise uphold the conviction here. United States v. Coleman, 525 F.3d 665, 666 (8th Cir. 2008) (citing United States v. Velazquez, 410 F.3d 1011, 1015-16 (8th Cir. 2005)).

## II. Reasonableness of Imposed Sentence

The district court calculated Haren's sentence under the U.S. Sentencing Guidelines (Guidelines or U.S.S.G.), concluding that he had an offense level of 44 and a criminal history category of I, resulting in a recommended sentence of life in prison. Haren argues that the district court erred by improperly weighing the sentencing factors listed in 18 U.S.C. § 3553(a), giving too much weight to irrelevant factors, and not giving sufficient weight to Haren's history and characteristics.[2]

---

[2]To the extent that Haren raises objections to them, we find no clear error in the district court's findings that the conspiracy involved 2,721.6 grams of methamphetamine or that Haren possessed a dangerous weapon. United States v. Paine, 407 F.3d 958, 963 (8th Cir. 2005) (standard of review). The drug-quantity finding was supported by T.N.'s testimony that Haren obtained six pounds (2,721.55 grams) of methamphetamine in Las Vegas, and the dangerous-weapon finding was supported by the evidence presented at sentencing that Haren exchanged

Haren's argument that the district court's sentence created an unwarranted sentencing disparity among the co-conspirators fails to recognize his role as a leader and organizer of the conspiracy and his decision to not cooperate with the government. Our precedent is clear that "[t]he district court's decision to place greater emphasis . . . on factors that favored a sentence within the advisory range . . . than on other § 3553(a) factors that might favor a more lenient sentence is a permissible exercise of the considerable discretion available to a sentencing court." United States v. Ruelas-Mendez, 556 F.3d 655, 658 (8th Cir. 2009). Our review of the record satisfies us that the district court gave adequate consideration to the facts and did not abuse its discretion in imposing the Guidelines-range sentence. United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (standard of review); see also Gall v. United States, 552 U.S. 38, 51 (2007) ("If the sentence is within the Guidelines range, the appellate court may, but is not required to, apply a presumption of reasonableness.").

### III. Jury Instructions

"We review jury instructions for abuse of discretion and will affirm 'if the instructions, taken as a whole, fairly and adequately submitted the issues to the jury.'" United States v. Thomas, 422 F.3d 665, 668 (8th Cir. 2005) (quoting United States v. Florez, 368 F.3d 1042, 1044 (8th Cir. 2004)).

Chastain argues that the district court failed to properly instruct the jury on the elements of the offense and that the instructions improperly vouched for the credibility of the cooperating witnesses. We disagree. Chastain claims that a conspiracy to distribute methamphetamine charge includes a "for resale" element. Although evidence of distribution of resale quantities of drugs may be sufficient to establish a conspiracy, a resale itself is not necessary. See United States v. Boykin,

_____

methamphetamine for a handgun.

-4-

794 F.3d 939, 948-49 (8th Cir. 2015) ("resale" not listed among the elements of the offense, but noted as being "sufficient" to prove a conspiracy); Conway, 754 F.3d at 587-88 (same). Accordingly, the district court did not abuse its discretion in giving an instruction omitting the "for resale" language. Chastain also argues that the jury instructions did not distinguish between mere knowledge of a conspiracy and an intent to join a conspiracy. The instructions adequately explained, however, that a person may be convicted of the offense "as long as that person has an understanding of the unlawful nature of the plan *and* voluntarily and intentionally joins in it." (emphasis added).

Chastain's final argument is that the jury instructions vouched for the credibility of the cooperating witnesses because the jury could infer that the judge and prosecutor believed their testimony. Chastain objected to the underlined portion of Instruction 7:

> You may hear evidence that certain witnesses hope to receive a reduced sentence on criminal charges pending against them in return for their cooperation with the government in this case. If the prosecutor handling a witness's case believes that the witness provided substantial assistance, that prosecutor can file a motion to reduce the witness's sentence in the court where the witness's charges are pending. The judge has no power to reduce a sentence for substantial assistance unless the government, acting through the United States Attorney, files such a motion. If such a motion for reduction of sentence for substantial assistance is filed by the government, then it is up to the judge to decide whether to reduce the sentence at all, and if so, how much to reduce it. You may give the testimony of these witnesses such weight as you think it deserves. Whether or not their testimony may be influenced by their hopes of receiving a reduced sentence will be for you to determine.

While presenting the government's case, the prosecutor asked T.N. and J.C. whether they hoped to receive "an additional reduction" in their sentences. Chastain argues that when combined with the prosecutor's questions, the jury could conclude from

-5-

Instruction 7 that the witnesses had already received a sentence reduction and surmise that the prosecutor and the court had found the witnesses to be credible. The jury instruction does not comment on past cooperation, however, and addresses only what the cooperating witnesses "hope to receive" in the future, explicitly leaving to the jury the determination of what influence such hope might have on the witnesses' credibility. We have upheld the use of similar language when instructing the jury, United States v. Baldenegro-Valdez, 703 F.3d 1117, 1124 (8th Cir. 2013), and so we conclude that the trial court did not err in overruling the objection to the challenged instruction.

To the extent that Chastain argues that the prosecutor improperly vouched for the cooperating witnesses, we conclude that no vouching occurred. United States v. McClellon, 578 F.3d 846, 859 (8th Cir. 2009) (explaining that "evidence of the existence, the terms, and the witness's understanding of a plea or witness immunity agreement is not vouching") (quoting United States v. Santana, 150 F.3d 860, 863 (8th Cir. 1998)).

The judgments are affirmed.

_____