# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-1751

_____

United States of America

*Plaintiff - Appellee*

v.

Jorge Castro-Guerra

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Davenport

_____

Submitted: May 16, 2019
Filed: June 24, 2019
[Unpublished]

_____

Before SMITH, Chief Judge, WOLLMAN and KOBES, Circuit Judges.

_____

PER CURIAM.

Jorge Castro-Guerra (Castro) directly appeals the district court's[1] judgment entered upon a jury verdict that he conspired to distribute five kilograms or more of

_____

[1]The Honorable John A. Jarvey, Chief Judge, United States District Court for the Southern District of Iowa.

cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846, and 851. We affirm.

Castro first argues that the evidence was insufficient to support his conviction. "We review de novo the sufficiency of the evidence, examining the evidence in the light most favorable to the jury verdict and giving the verdict the benefit of all reasonable inferences." United States v. Hickman, 764 F.3d 918, 924 (8th Cir. 2014) (quoting United States v. Wintermute, 443 F.3d 993, 1003 (8th Cir. 2006)). The district court here properly instructed the jury that, to convict Castro of conspiracy, it was required to find beyond a reasonable doubt (1) that from 2009 until approximately March 9, 2016, two or more persons reached an agreement to manufacture, distribute, or possess with the intent to distribute cocaine; (2) that Castro voluntarily and intentionally joined in the agreement, either at the time it was first reached or at some later time while it was still in effect; and (3) that Castro knew the purpose of the agreement when he joined. See id. (elements of the offense).

Viewing the evidence in the light most favorable to the jury verdict, the evidence presented at trial established the following facts. Castro and Jose Arizpe began purchasing and distributing cocaine together in 2014. They purchased cocaine from Juan Ramirez-Carranza (Carranza), who had been obtaining cocaine from Jose Rafael Medina since 2009. Castro also purchased cocaine from Vincente Jimenes. Castro knew that Medina supplied Carranza and Jimenes their cocaine and met with Medina to discuss dealing directly with him. In 2014 or 2015, Castro distributed more than five kilograms of cocaine to Jessie Fullerton. In light of the trial testimony of Arizpe, Carranza, and Fullerton, we conclude that the evidence was sufficient to support the jury's verdict that Castro intentionally joined the conspiracy to distribute cocaine that was charged in the indictment. See United States v. Coleman, 525 F.3d 665, 666 (8th Cir. 2008) ("We have repeatedly upheld jury verdicts based solely on the testimony of co-conspirators and cooperating witnesses, noting that it is within

the province of the jury to make credibility assessments and resolve conflicting testimony.").

Castro also argues that he received ineffective assistance of trial counsel. We decline to consider that claim on direct appeal because the record is not sufficiently developed. See United States v. Ramirez-Hernandez, 449 F.3d 824, 826-27 (8th Cir. 2006) ("Claims of ineffective assistance of counsel . . . are usually best litigated in collateral proceedings.")

The judgment is affirmed.

_____