# United States Court of Appeals

### For the Eighth Circuit

_____

No. 23-2170

_____

United States of America,

*Plaintiff - Appellee,*

v.

O.C. Rawls,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Central

_____

Submitted: February 12, 2024
Filed: August 12, 2024
[Unpublished]

_____

Before LOKEN, COLLOTON,[1] and KELLY, Circuit Judges.

_____

---

[1]Judge Colloton became chief judge of the circuit on March 11, 2024. *See* 28 U.S.C. § 45(a)(1).

PER CURIAM.

A jury found O.C. Rawls guilty of conspiracy to possess with intent to distribute cocaine and possession with intent to distribute the same. *See* 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 841(b)(1)(C), 846. Rawls moved for a new trial, alleging juror misconduct. The district court[2] denied the motion and sentenced Rawls to 420 months' imprisonment. Rawls appeals, and we affirm.

At trial, an agent from the Drug Enforcement Administration testified that he enlisted the help of a confidential informant to participate in three controlled buys of cocaine from Rawls. The informant pleaded guilty to a separate drug offense and testified against Rawls. The jury found Rawls guilty of three counts of possession with intent to distribute and one count of conspiracy.

After the trial, Rawls alleged that a juror told Rawls's family that the juror was not convinced beyond a reasonable doubt that Rawls was guilty, but nevertheless voted for conviction. Rawls moved for a new trial and requested an evidentiary hearing on the alleged misconduct. The district court denied the motion.

At sentencing, the district court calculated the advisory guideline range. With a total offense level of 37, and a criminal history category of VI, the guideline range was 360 months to life imprisonment. Rawls requested a downward variance based on his age of 50 years and the potential for a shorter sentence to keep him imprisoned until age 65.

The court said that if the defendant were twenty-five years old, then the court probably would not give much consideration to a downward variance for a career

---

[2]The Honorable Brian S. Miller, United States District Judge for the Eastern District of Arkansas.

offender who managed a drug operation. But the court asked for the government's position on the sufficiency of a shorter term that would allow for release at age 65. The government argued that a downward variance was inappropriate because Rawls "made a lifetime out of these choices and out of being a drug dealer," and "there's no reason that he would stop at 65." The government urged that Rawls qualified for life in prison based on "his life's work." The defense replied that Rawls's "criminality would be over" if he were released in fifteen years. After hearing arguments from counsel and considering Rawls's allocution, the court sentenced Rawls to a term of 420 months' imprisonment.

On appeal, Rawls argues that the district court abused its discretion by denying his motion for a new trial without conducting a hearing on the alleged juror misconduct. The Federal Rules of Evidence, however, prohibit testimony about "any juror's mental processes concerning the verdict," except in specific situations not present here. Fed. R. Evid. 606(b). The district court need not investigate allegations of juror misconduct based on inadmissible evidence. *See United States v. Moses*, 15 F.3d 774, 778 (8th Cir. 1994); *see also United States v. Tucker*, 137 F.3d 1016, 1030 (8th Cir. 1998). Accordingly, Rawls has not shown that he was entitled to a hearing or a new trial.

Rawls next argues that there was insufficient evidence to support his convictions because the government relied on the testimony of a confidential informant who received a reduced sentence as a result of his assistance. Because Rawls did not move for judgment of acquittal at the close of the evidence, we review his claim for plain error. *United States v. Londondio*, 420 F.3d 777, 786 (8th Cir. 2005).

A verdict may be sustained based solely on the testimony of co-conspirators and cooperating witnesses. *United States v. Coleman*, 525 F.3d 665, 666 (8th Cir. 2008). "Testimony does not become legally unsubstantial because the witness stands

-3-

to gain by lying; the defendant is entitled to cross-examine such witnesses to expose their motivations, and it is up to the jury to decide whether the witness is telling the truth despite incentives to lie." *United States v. Crenshaw*, 359 F.3d 977, 988 (8th Cir. 2004). Here, the confidential informant testified about his transactions with Rawls, and Rawls cross-examined the informant about the benefits that he received under his plea agreement. The jury was entitled to weigh this information and make a credibility determination about the informant's testimony. The evidence was sufficient.

Rawls also argues for the first time on appeal that the district court erred by failing to explain its sentence. To obtain reversal, Rawls must show an obvious error and a reasonable probability that he would have received a more favorable sentence if the court had offered a more fulsome explanation. *See United States v. Williams*, 910 F.3d 1084, 1094 (8th Cir. 2022); *United States v. Chavarria-Ortiz*, 828 F.3d 668, 671 (8th Cir. 2016). Rawls has not met his burden. The court questioned the parties on Rawls's proposed variance and acknowledged the government's position that Rawls deserved life in prison based on "his life's work" of drug trafficking. The court also summarized Rawls's argument that due to his age, a twenty-year sentence was more than sufficient. The court ultimately agreed with the government that a longer sentence was warranted. Rawls did not ask the court to elaborate, and it is unlikely that requiring the court to say more would have changed the court's decision.

The judgment of the district court is affirmed.

_____