UNITED STATES of America, Appellee,

v.

Michaelis Billy JACKSON, Appellant.

No. 89-3020.

United States Court of Appeals,
Eighth Circuit.

Submitted June 12, 1990.

Decided Sept. 25, 1990.

Edgar E. Lim, St. Louis, Mo., for appellant.

David M. Rosen, St. Louis, Mo., for appellee.

Before McMILLIAN and BOWMAN, Circuit Judges and HENLEY, Senior Circuit Judge.

BOWMAN, Circuit Judge.

Michaelis Billy Jackson appeals his conviction on two counts of mail fraud, a violation of 18 U.S.C. § 1341 (1988). We affirm.

Following an automobile accident in April 1987, Jackson, a licensed physician, filed a claim by mail with his insurance company. The medical expenses he claimed included fraudulent bills from a chiropractor by the name of Dr. E.R. Nicholson. Shortly thereafter, Jackson retained a law firm to file civil suit against Charles Clark Nash, the other party involved in the 1987 accident. To support his suit against Nash, Jackson mailed to defense counsel, by way of his attorney, false

information concerning his treatment by Dr. Nicholson and his lost wages for missed work at Spectrum Emergency Care, Inc.

In June 1987, Jackson was indicted on four counts of mail fraud. The indictment alleged that Jackson used the mail to deliver false information regarding his medical expenses and lost wages in furtherance of a scheme to defraud two insurance companies. After a four-day trial, the jury returned a verdict of guilty on two counts. Jackson was sentenced to concurrent nine-month sentences and fined a total of $3,000. On appeal, Jackson raises three issues.

 First, Jackson contends that the District Court violated his Sixth Amendment right to cross-examination by allowing his alleged accomplice Dr. Sheila Boyd to claim the Fifth Amendment privilege against self-incrimination during cross-examination and by failing to strike Dr. Boyd's direct testimony once the privilege had been invoked. On direct examination Dr. Boyd, Jackson's former lover, testified regarding her relationship with Jackson and her role in preparing and mailing the fraudulent lost wages form. She also acknowledged that Jackson had caused criminal charges to be filed against her for the misuse of his personal checks and that those charges were still pending. When questioned about the details of these charges on cross-examination, Dr. Boyd refused comment.[1]

"The Sixth Amendment to the Constitution guarantees the right of an accused in a criminal prosecution 'to be confronted with the witnesses against him.'" *Davis v. Alaska*, 415 U.S. 308, 315, 94 S.Ct. 1105, 1110, 39 L.Ed.2d 347 (1974). "However, ... not every invocation of the Fifth Amendment privilege by a witness results in a denial of confrontation...." *United States v. Nunez*, 668 F.2d 1116, 1122 (10th Cir.1981). When these two significant rights conflict, a court must "balance the witness' fifth amendment privilege on one hand against the defendant's sixth amendment right to cross-examine on the other." *Ellis v. Black*, 732 F.2d 650, 656 (8th Cir. 1984). "A critical inquiry is whether the witness' invocation of the testimonial privilege materially prejudices the defendant." *Ellis*, 732 F.2d at 656.

We cannot say that Jackson was prejudiced by Dr. Boyd's refusal to comment in this case. Dr. Boyd was cross-examined in detail regarding her relationship with Jackson and her participation in the insurance fraud. Further, defense counsel ably elicited substantial impeachment evidence. He repeatedly referred to the pending criminal charges against Dr. Boyd, and his close questioning forced her to admit feeling resentful toward Jackson for causing those charges to be filed. In these circumstances, we are satisfied the District Court "properly reconciled the conflict of rights by permitting such inquiry while protecting the witness' fifth amendment privilege." *United States v. Singer*, 785 F.2d 228, 242 (8th Cir.), *cert. denied*, 479 U.S. 883, 107 S.Ct. 273, 93 L.Ed.2d 249 (1986).

 Next, Jackson asserts that the prosecutor improperly vouched for the credibility of a government witness during closing and rebuttal arguments. He complains about the following remarks from the prosecutor's closing argument:

> The plan is simple. You make up some lost wages. But there weren't any lost wages. Now, he was working at Courtney. He's acknowledged that. Sheila Boyd told you that. He was working at Courtney even after the accident. So where did he find the time to work at Spectrum? There wasn't any. But he wanted to claim some nice big loss.
>
> ....
>
> *But in this case, Sheila Boyd, [sic] came forward and told the truth.* Dr. Pickett came forward and told the truth. A lot of people came forward and told

---

1. Jackson claims that Dr. Boyd did not properly invoke the Fifth Amendment. We do not agree. After refusing to answer a defense question about the circumstances surrounding the pending charges, Dr. Boyd stated, "I've been advised by counsel not to answer any questions other than to knowledge [sic] the—." Trial Transcript at 59. After repeated refusals to answer similar questions, the District Court made this comment to Dr. Boyd, "I gather that you've been advised by your lawyer not to discuss this and you're standing on your constitutional right with regard to that case. I'll sustain the objection to that." Trial Transcript at 63. Defense counsel did not object to that ruling.

you the truth, and the defendant was caught.

Trial Transcript at 275–76 (emphasis added). The contested remarks made by the prosecutor during rebuttal are as follows:

Now you can believe that or you can believe what Sheila Boyd told you, that he said, "I'd like you to help me with this record, put this information in, send it out to Pickett and see if we can get his signature." In getting a signature you then verified in the letter and you say, "Also, please find enclosed statements to that effect."

... He has to say that now because he knows that *Sheila Boyd is telling the truth* and he has to distance himself from that piece of paper which helps to perpetrate the fraud.

Trial Transcript at 285 (emphasis added). As Jackson did not object to the prosecutor's remarks at the time they were made, Jackson now claims that these comments constitute plain error.

"Attempts to bolster a witness by vouching for his credibility are normally improper." *United States v. Ellis*, 547 F.2d 863, 869 (5th Cir.1977). The contested remarks arguably convey the impression that the prosecutor was expressing a personal belief in Dr. Boyd's credibility. However, a careful review of the record convinces us that the comments derived solely from a comparison of the evidence before the jury. Such a comparison is not improper as it "neither puts the prosecutor's own credibility before the jury nor does it carry any inference of outside knowledge." *United States v. Dawkins*, 562 F.2d 567, 569 (8th Cir.1977) (citation omitted). In any event, we cannot say that the contested remarks amount to plain error. *See United States v. Carey*, 898 F.2d 642, 644 (8th Cir.1990) (Relief will be granted under the plain error standard only if the error "would result in a miscarriage of justice if left uncorrected.")

Finally, Jackson alleges that the District Court committed prejudicial error in failing to instruct the jury on accomplice testimony. We must examine the point under the plain error standard since Jackson did not request such an instruction or object to its absence. *See Barnes v. United States*, 347 F.2d 925, 928 (8th Cir.1965). Here, the testimony of Dr. Boyd, Jackson's accomplice, is corroborated by substantial evidence. An official from Spectrum Emergency Care testified that according to Spectrum's records Jackson was not scheduled to work on the dates for which he claimed lost wages. The record also contains evidence that Jackson mailed information regarding the alleged missed work to the attorney representing him in his claim against Nash. "The existence of such substantial corroborating testimony greatly lessens the likelihood that any prejudice might result from failure to give the accomplice instruction." *Barnes*, 347 F.2d at 928. We conclude that the trial court did not commit plain error by failing to give an accomplice instruction.

Jackson's convictions are affirmed.