# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-1418EM

_____

United States of America,                    *
                                             *
                    Appellee,                *     Appeal from the United States
                                             *     District Court for the Eastern
       v.                                    *     District of Missouri.
                                             *
William G. Evans,                            *          [UNPUBLISHED]
                                             *
                    Appellant.               *

_____

Submitted:  September 22, 1998
Filed:  September 30, 1998

_____

Before McMILLIAN, HEANEY, and FAGG, Circuit Judges.

_____

PER CURIAM.

       Hoping to receive insurance proceeds, William G. Evans intentionally set fire to his business.  A jury convicted Evans of arson, using fire to commit a felony, and mail fraud.  Evans appeals his convictions, arguing the prosecutor improperly vouched for the truthfulness of Terry Juden, a Government witness and Evans's business partner. In his closing argument, Evans's counsel argued that Juden lied on the witness stand, and the prosecutor responded that Juden testified truthfully.  Evans did not object to the prosecutor's remarks and concedes our review is for plain error  See United States v. Robinson, 110 F.3d 1320, 1326 (8th Cir.), cert. denied, 118 S. Ct. 432 (1997).  A prosecutor should not vouch for a witness's credibility or truthfulness.  See United

States v. Jackson, 915 F.2d 359, 360-61 (8th Cir. 1990). Even if we assume the prosecutor's remarks violated the rule against impermissible vouching, however, we would not exercise our discretion and grant Evans plain error relief. See United States v. Olano, 507 U.S. 725, 736-37 (1993). Additionally, we reject Evans's argument that the district court committed plain error in failing to declare a mistrial or to strike the prosecutor's remarks on its own initiative. See Jackson, 915 F.2d at 361. Evans also argues the district court made a comment during a favorable ruling on Evans's objection to character evidence that called his character into question. Evans's argument is meritless. Having reviewed the record, we are satisfied the district court's ambiguous remark neither placed Evans's character at issue nor deprived him of a fair trial. See United States v. Warfield, 97 F.3d 1014, 1027-28 (8th Cir. 1996), cert. denied, 117 S. Ct. 1119 (1997).

We affirm Evans's convictions.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-