# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-2607

_____

United States of America,

        Appellee,

v.

Lorenzo Roundtree,

        Appellant.

\*
\*
\*
\*   Appeal from the United States
\*   District Court for the Northern
\*   District of Iowa.
\*
\*
\*

_____

Submitted: March 11, 2008
Filed: July 24, 2008

_____

Before MURPHY, ARNOLD, and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

Lorenzo Dontae Roundtree was convicted of distributing heroin resulting in the death of another person, and sentenced to life in prison, 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C). He appeals, arguing that the evidence of his prior conviction should not have been admitted; the government improperly vouched for its witnesses, and failed to give notice of sentencing enhancement pursuant to 21 U.S.C. § 851; and the sentencing enhancement was based on an inaccurate prior felony. Having jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742, this court affirms.

On December 31, 2004, a couple, who were heroin users, drove to Ottumwa, Iowa, to pick up a friend. The three later met an intoxicated acquaintance of the friend. The couple gave the friend and the acquaintance heroin, and all four used it. The acquaintance became unresponsive, eventually dying of acute alcohol and drug intoxication.

The couple identified Roundtree, whom they knew only as "Youngblood," as the person who sold them the heroin. Roundtree was indicted on one count of distributing heroin resulting in death. At trial, the couple testified that they had been introduced to Roundtree by another heroin dealer. They stated that Roundtree sold them heroin approximately three times a week during the last six to nine months of 2004. They also testified he drove an older, full-size van with maroon or brown stripes. The couple's address book, with Roundtree's phone number under "Youngblood," was also introduced.

Another heroin user testified she had been introduced to Roundtree by the same heroin dealer as the couple. She tried to buy heroin from Roundtree, but never succeeded. She also testified that he drove a maroon and gray, or maroon and white, full-size van.

Phone records indicating a history of calls between the couple and Roundtree, and the other heroin user and Roundtree, were admitted. The records showed calls between the couple and Roundtree in the late afternoon of December 31, 2004, the time they testified they called to obtain heroin.

The jury found Roundtree guilty. Due to a prior felony conviction, the district court[1] sentenced him to a mandatory term of life in prison.

---

[1] The Honorable Linda R. Reade, Chief United States District Judge for the Northern District of Iowa.

## II.

Roundtree argues that the district court erred in admitting evidence of a prior conviction under Rule 404(b). A district court's admission of evidence under Rule 404(b) is normally reviewed for an abuse of discretion. *See **United States v. Foster***, 344 F.3d 799, 801 (8thCir. 2003). Roundtree, however, did not present the argument he makes on appeal to the district court. Therefore, review is for plain error. *See **United States v. Bruno Makes Room For Them***, 496 F.2d 507, 509 (8th Cir. 1974) (if objection below failed to specify grounds claimed on appeal, review is for plain error). "Under plain error review, the defendant must show: (1) an error; (2) that is plain; and (3) that affects substantial rights." ***United States v. Vaughn***, 519 F.3d 802, 804 (8th Cir. 2008), *citing **Johnson v. United States***, 520 U.S. 461, 466-67 (1997). Further, the error will not be corrected unless it seriously affects the fairness, integrity or public reputation of judicial proceedings. ***United States v. Olano***, 507 U.S. 725, 732 (1993).

Rule 404(b) "excludes evidence of specific bad acts used to circumstantially prove a person has a propensity to commit acts of that sort." ***United States v. Johnson***, 439 F.3d 884, 887 (8th Cir. 2006). Evidence of prior bad acts is admissible to prove motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. **Fed. R. Evid. 404(b)**. Rule 404(b) evidence is admissible if it is (1) relevant to a material issue, (2) close in time and similar in kind to the crime charged, (3) sufficient to support a jury finding that the defendant committed the other act, and (4) its probative value is not substantially outweighed by its prejudice. *See **United States v. Kern***, 12 F.3d 122, 124-25 (8th Cir. 1993).

The district court admitted evidence of a 2002 Illinois conviction for distribution of cocaine. It found that the conviction was (1) relevant to motive, knowledge, and intent to commit the crime, (2) close in time (about two years apart) and similar to the charged crime (both involving distribution of drugs), (3) supported by evidence sufficient for a jury finding that Roundtree committed the crime, and (4) more probative than prejudicial.

Roundtree asserts that his 2002 conviction was for simple possession, not distribution, of cocaine, and therefore, could not meet the requirements for admission under Rule 404(b). The only evidence supporting his assertion is paragraph 35 of the PSR, stating he had a 2002 conviction for *possession* of a controlled substance. However, according to that same paragraph:

> The Complaint reflects that the defendant was placed under arrest after he *delivered* .4 grams of cocaine to an undercover police officer. The defendant was also charged with Distributing a Controlled Substance (Count 2); however, this charge was dismissed.

(emphasis added). Paragraph 2 of the PSR characterizes the 2002 conviction as "*delivery* of a controlled substance." (emphasis added).

The certified statement of conviction shows that Roundtree was charged with two identical counts; violating 720 Ill. Comp. Stat. 570/401(d), OTHER AMT NARCOTIC SCHED I & II. This Illinois statute makes it unlawful to "manufacture or deliver, or possess with intent to manufacture or deliver, a controlled substance." **720 Ill. Comp. Stat. 570/401**. It does not criminalize simple possession. *See* **720 Ill. Comp. Stat. 570/401**. Illinois criminalizes simple possession under a separate statute. *See* **720 Ill. Comp. Stat. 570/402**.

The inconsistent PSR does not prove that Roundtree was convicted of simple possession. In fact, it was not created until after Rountree's conviction, and therefore, was not before the district court when it admitted the 2002 conviction. The only evidence before the district court indicated that the conviction was for distribution. The indictment stated that the 2002 conviction was for "*delivery* of a controlled substance." (emphasis added). Roundtree did not challenge this characterization. In a motion *in limine*, Roundteee asked the court to exclude evidence of his "criminal history or arrests, which include prior drug related offenses." The motion did not even identify the prior offenses. The government's response indicated that in 2002, he was convicted of "*Delivery* of a Controlled Substance." (emphasis added). Roundtree did

not object. Further, the certified statement of conviction shows that the lowest offense Roundtree could have been convicted of was possession with intent to distribute, not simple possession.

"'We have held on numerous occasions that a prior conviction for distributing drugs, an even the possession of user-quantities of a controlled substance, are relevant under Rule 404(b) . . . .'" *United States v. Adams*, 401 F.3d 886, 894 (8th Cir. 2005), *quoting* *United States v. Frazier*, 280 F.3d 835, 847 (8th Cir. 2002). The district court did not err in admitting evidence of the 2002 conviction under Rule 404(b).

## III.

Roundtree argues that the government improperly vouched for the credibility of its witnesses. He did not raise this issue at trial. Therefore, review is for plain error. *See* *United States v. Samples*, 456 F.3d 875, 885-86 (8th Cir. 2006), *cert. denied*, 127 S. Ct. 1162 (2007).

"Evidence of the existence, the terms, and the witness's understanding of a plea or witness immunity agreement is not vouching." *United States v. Beasley*, 102 F.3d 1440, 1450 (8th Cir. 1996). Improper vouching may occur when the government expresses a personal opinion about credibility, implies a guarantee of truthfulness, or implies it knows something the jury does not. *United States v. Benitez-Meraz*, 161 F.3d 1163, 1167 (8th Cir. 1998). Roundtree contends that the prosecutor's closing argument implied a guarantee of the truthfulness of the couple's testimony.

The couple who identified Roundtree as their heroin source pled guilty and agreed to testify in exchange for a reduced sentence. At trial, the government questioned the couple about their plea agreements, their understanding of their obligation to provide truthful testimony, and the consequences if they did not. The man testified that he understood his plea agreement to require "100 percent cooperation, . . . just to put forth truthful information to the best of my knowledge and recollection." He further testified that his understanding was that if he lied on the

stand, he "would see a whole slew of charges . . . in addition to my current sentence, and definitely – there wouldn't be any possibility of a reduction at all . . . ." The woman testified that she understood her plea agreement to require her "to tell the truth and help [the government] out in any sort of way they wanted me to." She also testified that her understanding of the consequences of false testimony were that she "could be charged with – I don't quite remember what it's called but I think contempt of court, maybe." She further testified that she understood that "[t]here wouldn't be any" reduction in her sentence if she lied on the stand.

In closing, the prosecutor stated:

> Now, [the couple had] a chance to get a reduction in their sentence, so let's talk about their credibility, their motivation for testifying here. Should you look at their testimony skeptically because they might get a reduction in their sentence? Absolutely. That's your job as jurors. You need to take into account all those things and look at that. Consider that fact that maybe – maybe they're making something up in order to get a reduction in their sentence. But remember during voir dire, we talked about the safeguards that are in place, and there's multiple safeguards here to try and ensure that somebody in the position of [this couple] are not going to be making those kind of judgment decisions where they're going to lie to try to get a reduction.

> What are those? Well, number one is, if they do that, if they lie on the stand, they're not going to get any reduction, and they can get charged with another offense that's going to add more years on top of what they have. So while they may, in theory, have the motivation to make something up, they risk a lot. They risk everything. They risk years in jail if they lie.

> What's more is there's the safeguard in place that they only get that reduction if the Government, and ultimately the Court, believes that their testimony was honest; otherwise, the Government doesn't have to make a motion and the Court doesn't have to grant it at that point.

The closing argument here restated the same information as the couple's testimony. *See **United States v. Kamerud***, 326 F.3d 1008, 1017 (8th Cir. 2003) (no improper vouching by asking about agreement to move for downward departure in exchange for truthful testimony); ***United States v. Plumley***, 207 F.3d 1086, 1093-94 (8th Cir. 2000) (prosecutor's questions about witness's obligation to provide truthful testimony not improper vouching). *See also **United States v. Mullins***, 446 F.3d 750, 760 (8th Cir. 2006) (closing argument should focus on the evidence at trial). Further, the prosecutor told the juror that they should be skeptical because the couple "might get a reduction in their sentence." Although the word "safeguards" is not the best choice of language, the prosecutor did state that the procedures were in place to "*try and ensure*" that the couple told the truth – not that the couple *was* telling the truth. There is no plain error here. *See **Mullins***, 446 F.3d at 761 (prosecutor's closing argument stating government's expert witness "is paid by the government not to wrongfully convict people" did not imply a guarantee of truthfulness); ***United States v. Santana***, 150 F.3d 860, 863 (8th Cir. 1998) (government statement in closing argument that "the government doesn't want anyone convicted on anything less than the truth" not improper vouching).

IV.

Roundtree challenges his mandatory life sentence as invalid because the government did not file an information listing his 2002 conviction as a basis for an enhanced sentence, as required under 21 U.S.C. § 851. This is a question of statutory construction, reviewed do novo. *See **United States v. Sturdivant***, 513 F.3d 795, 803 (8th Cir. 2008).

The mandatory minimum sentence for distributing heroin resulting in death is 20 years imprisonment. **21 U.S.C. § 841(b)(1)(C)**. The mandatory minimum is increased to life if the defendant has a prior conviction for a felony drug offense. **21 U.S.C. § 841(b)(1)(C)**. The district court sentenced Roundtree to life, due to his 2002 conviction for distribution of cocaine.

21 U.S.C. § 851 states:

> No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon.

The purpose of notice under § 851 is to comply with the requirements of due process. *United States v. Curiale*, 390 F.3d 1075, 1076 (8th Cir. 2004). When interpreting § 851, this court is "careful not to elevate form over substance." *Id.* at 1077. Notice is sufficient if a defendant receives "notice of the prior conviction, the effect it would have on the maximum sentence, and an opportunity to dispute the conviction." *Timley v. United States*, 443 F.3d 615, 626 (8th Cir.), *cert. denied*, 127 S. Ct. 299 (2006).

The government here did not follow the usual practice of filing a separate information listing the previous convictions. However, the indictment listed the offense, the date of conviction, the court, and that the prior conviction was a prior drug felony. It also cited § 841(b)(1)(C) authorizing the enhanced sentence, and § 851.

This sufficiently informed Roundtree of the consequences of his prior conviction, so he could make strategic decisions about his defense. *See United States v. Johnson*, 462 F.3d 815, 823-24 (8th Cir. 2006), *cert. denied*, 127 S.Ct. 1859 (2007) (reversal not required because notice of prior convictions apparent from the face of the indictment). It is inconsequential that the notice came in the indictment rather than

by information.[2]  *See* **Timley**, 443 F.3d at 626 (indictments and informations are similar in nature; informing the defendant of the charges).

## V.

Finally, Roundtree contends that the district court relied upon "a conviction that did not take place" to enhance his sentence.  He did not make this argument below, therefore, review is for plain error.  *See* **Patterson**, 481 F.3d 1029, 1034 (8th Cir. 2007).

The district court enhanced Roundtree's sentence based on his 2002 conviction. He argues that the indictment alleged a prior felony drug offense of "delivery of a controlled substance," which the certified statement of conviction did not prove.

When a defendant is convicted of distributing drugs resulting in death, the mandatory minimum sentence is increased to life if the defendant has a prior conviction for a felony drug offense.  **21 U.S.C. § 841(b)(1)(C)**.  A felony drug offense is defined as any drug conviction punishable by imprisonment for more than one year.  **21 U.S.C. § 802(44)**.  The certified statement of conviction shows that Roundtree's 2002 conviction was for violation of 720 Ill. Comp. Stat. 570/401(d), which is a Class 2 felony in Illinois.  **720 Ill. Comp. Stat. 570/401(d)** (crime to manufacture, deliver, or possess with intent to manufacture or deliver, a controlled substance without regard to amount is a Class 2 felony).  In Illinois, Class 2 felonies are punishable by more than one year in prison.  *See* **730 Ill. Comp. Stat. 5/5-8-1(a)(5)** (Class 2 felonies punishable by up to 7 years in prison).  As the 2002

---

[2] In fact, placing the prior conviction in the indictment may give defendants other protection.  *See* **Fed. R. Crim. P. 7(b)** (felonies must be prosecuted by indictment whereas misdemeanors may be prosecuted by information); **Muncy v. United States**, 289 F. 780, 781 (4th Cir. 1923) (indictments are based on the oath of a grand jury, while indictment are based on the oath of a public officer).

conviction was a "drug offense" punishable by more than one year imprisonment, the district court did not err in relying on it to enhance Roundtree's sentence.

VI.

The judgment of the district court is affirmed.

_____