# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-1015

_____

Bud Theus III,

        Appellant,

v.

United States of America,

        Appellee.

\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  District of South Dakota.
\*
\*
\*

_____

Submitted: November 18, 2009
Filed: July 13, 2010

_____

Before RILEY, Chief Judge,[1] WOLLMAN, and SHEPHERD, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

Bud Theus III was convicted of conspiracy to distribute or possess with intent to distribute five kilograms or more of a mixture or substance containing cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. In the order denying Theus's motion for judgment of acquittal, the district court found a variance between the indictment and the proof, concluding that the evidence proved that Theus was part of a cocaine base (crack cocaine) conspiracy that was proven but not charged. Because Theus suffered no prejudice from the variance, however, the district court denied the motion for

_____

[1]The Honorable William Jay Riley became Chief Judge of the United States Court of Appeals for the Eighth Circuit on April 1, 2010.

judgment of acquittal. Theus was sentenced to ten years' imprisonment, the mandatory minimum sentence for distributing and possessing with intent to distribute five kilograms of a mixture or substance containing cocaine. After his conviction was affirmed, United States v. Theus, 230 Fed. Appx. 642 (8th Cir. 2007) (unpublished per curiam), Theus, acting *pro se*, moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Theus argued that he had been denied his Sixth Amendment right to effective assistance of counsel because his attorney had failed to move for a new trial and had failed to submit a supplemental brief to this court after being ordered to do so. The district court denied the motion and certified the two issues for appeal. We reverse the denial of § 2255 relief and remand for resentencing.

## I.

Theus and five other individuals were indicted for conspiracy related to the distribution and possession with intent to distribute five kilograms of cocaine in South Dakota. Theus and co-defendant Juan Rodriguez went to trial, a five-day affair during which the remaining four co-defendants testified against Rodriguez. None of the named co-conspirators testified to knowing Theus or his involvement in the conspiracy. Theus was not a member of the conspiracy charged in the indictment. Instead, he was a member of a different conspiracy, involving two co-conspirators who were not charged in the indictment, Genaro Delbosque and Roosevelt Scott.

Delbosque testified that he regularly sold powder cocaine to Theus. Once or twice a week over the course of one and a half years, Theus would order one or two ounces of cocaine from Delbosque. Theus always paid cash, never taking the drugs on consignment. Delbosque testified that he did not know what Theus did with the drugs.

Scott, Theus's uncle, moved in with Theus in November 2003, after being released from prison. He lived with Theus for about two months and first saw drug

activity on November 3 or 4, 2003. Scott testified that he observed Delbosque deliver an ounce of cocaine to Theus, who paid cash for the drugs. Shortly thereafter, Theus gave Scott half an ounce of cocaine so that Scott could enter the business. Scott converted the powder cocaine into crack cocaine and sold it, eventually paying Theus $450 for the half ounce of powder cocaine. Theus also gave Scott a cellular phone, which Theus's customers would call to order crack cocaine. Scott testified that he typically sold a gram of crack cocaine to a customer for $100 cash.

Theus traveled to Louisiana after Scott had moved in with him. He left Scott a half ounce of crack cocaine, his cellular phone, and Delbosque's phone number. Scott sold Theus's crack cocaine and ordered two ounces of powder cocaine from Delbosque, one for himself and one for Theus. After Theus returned to Sioux Falls, South Dakota, he resumed his drug activities. Sometimes, he would distribute crack cocaine to Scott's customers during the late-night hours. One of Theus's customers testified that he purchased crack cocaine from Theus from 2003 through 2004, buying $100 quantities two to three times each week. Other than the half ounce of cocaine Theus gave to Scott, there was no evidence that Theus distributed powder cocaine.

At the close of the government's case and again at the close of the trial, Theus's attorney moved for judgment of acquittal, arguing that, although there "may be evidence Mr. Theus sold drugs and bought drugs," the government failed to establish that Theus was a member of the charged conspiracy. The district court took the motion under advisement and submitted the case to the jury.

The jury was instructed to determine whether:

[T]here were really two or more separate conspiracies to commit the crime of distribution or possession with intent to distribute a mixture or substance containing cocaine - one between [the named co-conspirators, Delbosque,] and Juan Rodriguez to commit the crime of conspiracy to distribute or possess with intent to distribute 5 kilograms or more of a mixture or substance containing cocaine; and another between Bud

-3-

Theus III and co-conspirators Genaro Delbrosque (sic) and Roosevelt Scott to commit the crime of conspiracy to distribute crack cocaine.

The Government must convince you beyond a reasonable doubt that each Defendant was a member of the conspiracy charged in the Indictment. If the Government fails to prove this as to a Defendant, then you must find that Defendant not guilty of the conspiracy charge, even if you find that he was a member of some other conspiracy. Proof that a Defendant was a member of some other conspiracy is not enough to convict.

The jury was provided a verdict form that allowed it to determine whether Theus was guilty of the offense charged in the indictment or of a lesser included offense. Accordingly, the jury could find that the conspiracy involved the following amounts of a mixture or substance containing cocaine: (1) five kilograms or more, (2) 500 grams or more, or (3) some lesser amount. The jury found Theus guilty of conspiracy to distribute or possess with intent to distribute five kilograms of a mixture or substance containing cocaine. Theus's counsel did not move for a new trial.

In a post-trial order, the district court stated that "the Government has not proven beyond a reasonable doubt that Bud Theus, III was a member of the charged conspiracy . . . . The Government did prove beyond a reasonable doubt that Bud Theus, III had possession of prohibited drugs with the intent to distribute those drugs and that he did in fact distribute such drugs." D. Ct. Order of July 10, 2006, at 1. The district court ordered the parties to submit their respective positions on the case. Id. Theus argued for acquittal; the government argued that there was only one conspiracy and that the jury's verdict should stand.

The district court concluded that a variance existed between the indictment and the proof. D. Ct. Order of Aug. 29, 2006. Although the government failed to prove that Theus was a member of the charged conspiracy, the district court determined that the evidence proved that Theus belonged to a separate conspiracy to possess crack cocaine with the intent to distribute. Id. at 2-3. The district court found that the

variance did not affect Theus's substantial rights because the indictment put him on notice of the evidence to be presented against him, the indictment foreclosed the possibility that there would be subsequent prosecution for the same offense, and that any spillover of evidence from one conspiracy to another did not prejudice Theus. Id. at 5. With respect to any spillover evidence, the district court stated,

> Evidence of the two conspiracies was quite distinct. Theus was buying powder cocaine and rocking it up and then selling the crack cocaine himself or through Roosevelt Scott. It would not have been difficult for the jury to compartmentalize the evidence. The Court does not find any spill over prejudice from the evidence of the charged conspiracy. The trial focused on Juan Rodriguez and the extensive evidence regarding his powder cocaine distribution. It was easy to compartmentalize from the separate and less extensive but strong evidence concerning Theus and his crack distribution.

Id. Theus's motion for judgment of acquittal was denied, and his sentencing hearing was scheduled.

The presentence investigation report (PSR) attributed 1.02 kilograms of cocaine to Theus based on the amount of powder cocaine that he purchased from Delbosque. The PSR stated that "[s]ince the defendant was charged in a conspiracy involving powder cocaine, that is used for purposes of computing the guidelines." The PSR determined that Theus's base offense level under United States Sentencing Guidelines § 2D1.1(c)(7) was twenty-six, the base offense level for at least 500 grams but less than two kilograms of cocaine. With a criminal history category of II, Theus's guidelines range sentence was seventy to eighty-seven months' imprisonment. The PSR noted that "there is not enough evidence to support that the defendant was involved with 5 kilograms of cocaine." Inexplicably, it nonetheless applied the ten-year mandatory minimum sentence for distributing or possessing with intent to distribute five kilograms or more of a mixture or substance containing cocaine provided by 21 U.S.C. § 841(b)(1)(A)(ii), rather than the five-year mandatory

minimum sentence provided by § 841(b)(1)(B)(ii) for the 1.02 kilograms attributed to Theus. Over the government's objection to the amount of cocaine attributed to Theus and Theus's objection to the application of the mandatory minimum, the district court adopted the PSR.

At sentencing, the district court rejected the government's argument that Theus's base offense level should have been based on five kilograms or more of powder cocaine. "The government is lucky, frankly, that the Court on the basis of what wasn't argued by anybody affirmed the conviction on a separate analysis. I understand your position, but I don't agree with the five k[ilogram] or more that the jury found with regard to this defendant. It isn't supportable by the evidence." The district court sentenced Theus to 120 months' imprisonment, the mandatory minimum for distributing or possessing with intent to distribute five kilograms or more of a mixture or substance containing cocaine. The district court expressed that "if the Court had an option, because of some other positive things that you have shown, the Court would like to be able to sentence you within the advisory guideline range which is 70 to 87 months, but the Court can't do that."

Neither the PSR nor the district court explained why Theus was sentenced to the mandatory minimum for the Rodriguez conspiracy, which involved five kilograms of cocaine, when the government failed to prove that Theus was involved in that conspiracy. Theus did not appeal his sentence.

Theus appealed his conviction, arguing that the evidence was insufficient to support his conviction and that the district court erred by failing to recognize that the variance between the conspiracy for which Theus was convicted and the one alleged in the indictment affected his substantial rights. After receiving Theus's *pro se* motion for leave to file a supplemental citation, we ordered counsel to file simultaneous supplemental briefs on Theus's contention that he suffered prejudice as

a result of the spillover of evidence from one conspiracy to another. Theus's attorney did not submit a supplemental brief.

During oral argument before our court, Theus's counsel was asked whether Theus suffered any sentencing prejudice as a result of the variance. He responded that there was no substantial prejudice to Theus's rights because the district court "took into account the lower quantity of drugs involving Bud Theus." When asked whether there was any argument that Theus was unfairly sentenced, counsel responded, "No. I would have appealed that issue if that were the case." We affirmed the judgment of the district court, concluding that "even if there was a variance, Theus's substantial rights were not affected and that sufficient evidence supports his conviction." Theus, 230 Fed. Appx. at 643.

Theus moved to vacate, set aside, or correct his sentence, arguing that counsel was ineffective for failing to move for a new trial under Federal Rule of Criminal Procedure 33 and for failing to submit a supplemental brief to this court after being ordered to do so. The district court determined that Theus failed to show that counsel was deficient or that he suffered prejudice as a result of counsel's failure to move for a new trial because counsel raised the same arguments in the motion for judgment of acquittal that would have been raised in the motion for a new trial. The district court also concluded that Theus suffered no prejudice as a result of counsel's failure to submit the supplemental brief to this court because counsel competently presented the spillover argument in its initial brief and at oral argument. The district court denied Theus's § 2255 motion and his subsequent motion for reconsideration. In its order denying reconsideration, the district court made clear that the motion for a new trial would have been denied even if counsel had moved for such relief.

We appointed counsel to present the two issues certified for appeal: (1) whether counsel was ineffective for failing to move for a new trial and (2) whether

counsel was ineffective for failing to submit the supplemental brief required by our order.

## II.

The Sixth Amendment guarantees a criminal defendant the right to effective assistance of counsel. To establish a claim for ineffective assistance of counsel, a § 2255 movant must demonstrate that counsel's representation was deficient and that he suffered prejudice as a result. Strickland v. Washington, 466 U.S. 668, 687 (1984). Deficient performance is that which falls below the "range of competence demanded of attorneys in criminal cases." Id. at 687 (internal quotations and citation omitted). "[T]he defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. at 689 (internal quotations and citation omitted). To show prejudice, the movant must demonstrate that there is a reasonable probability that the outcome would have been different but for counsel's deficient performance. Id. at 694. We review the district court's denial of a § 2255 motion *de novo*. King v. United States, 595 F.3d 844, 848 (8th Cir. 2010).

## A.

Theus has failed to show that his attorney's performance was deficient in failing to move for a new trial. Counsel moved for judgment of acquittal, arguing that the government failed to prove the conspiracy charged in the indictment. In Theus's case, the decision to move for judgment of acquittal rather than for a new trial may be deemed sound trial strategy, even though the standard for the latter is less stringent. See generally United States v. Coplen, 533 F.3d 929, 931 (8th Cir. 2008) ("In ruling on a motion for a new trial under Rule 33 of the Federal Rules of Criminal Procedure, unlike a Rule 29 motion for judgment of acquittal, a district court has discretion to weigh the evidence and evaluate the credibility of the witnesses." (internal quotations

and citation omitted)). During Theus's trial, the district court had expressed its concern that the case involved two conspiracies, including one that had not been charged, and it instructed the jury to acquit Theus if the government had failed to prove that he was a member of the conspiracy charged in the indictment. Theus's attorney thus employed a reasonable strategy in seeking acquittal based on the government's failure to prove the charged conspiracy. Moreover, a new trial would have allowed the government to seek a superseding indictment charging Theus with a crack cocaine conspiracy. Theus's counsel was presumably well aware that the evidence that Theus was involved in a crack cocaine conspiracy was strong and that a crack cocaine conviction would yield a much higher sentence than a powder cocaine conviction. Trial counsel thus acted competently when he decided to move for judgment of acquittal and forego moving for a new trial.

We disagree with Theus's contention that his case is analogous to United States v. Hilliard, 392 F.3d 981 (8th Cir. 2004). In Hilliard, counsel failed to timely file post-trial motions, even though the district court had directed him to do so and had remarked that it "had grave reservations about the jury verdict." Id. at 985. We affirmed the district court's subsequent grant of relief under § 2255. "Not filing a dispositive motion, particularly when directed to do so by the district court, is a classic dereliction of an attorney's obligation to provide his client with the type of performance required by the Sixth Amendment." Id. at 986. The district court held that it would have granted the motion for a new trial if it had been filed, and thus the defendant showed that proceedings would have been different if the lawyer had acted competently. Id. at 987. Unlike the attorney in Hilliard, Theus's counsel timely filed a motion for judgment of acquittal. In denying Theus's § 2255 motion, the district court held that Theus's counsel acted competently because the issues that would have been raised in the motion for a new trial were raised in the motion for judgment of acquittal. Moreover, even if counsel had moved for a new trial, the district court would have denied the motion. Accordingly, Theus is unable to show that he was prejudiced. Hilliard is thus inapposite.

-9-

Theus contends that his attorney's failure to submit a supplemental brief to this court constituted deficient performance and that he suffered prejudice as a result. Whatever the reason for counsel's failure to file a supplemental brief, Theus's substantial rights were not prejudiced by his counsel's failure to do so or as a result of the spillover of evidence from the Rodriguez conspiracy.

As we determined in Theus's direct appeal, the variance in this case did not prejudice Theus. A variance between the indictment and the proof results where a single conspiracy is charged but the evidence at trial proves multiple conspiracies. United States v. Morales, 113 F.3d 116, 119 (8th Cir. 1997). The existence of a variance does not mandate reversal, but reversal is required where a spillover of evidence from one conspiracy to another has prejudiced a defendant's substantial rights. Id. The spillover evidence from the Rodriguez conspiracy resulted in Theus's conviction of a conspiracy involving five kilograms of cocaine, even though the evidence did not support the drug amount. The district court recognized the jury's error, concluding that the government failed to prove that Theus was involved in the Rodriguez conspiracy. The district court determined that the evidence was readily compartmentalized[2] and that the government proved that Theus was involved in a different conspiracy to possess with intent to distribute over one kilogram of cocaine, albeit the evidence suggested that he converted the powder cocaine to crack cocaine before distributing it. A variance between the indictment of the five kilogram conspiracy and the proof of a separate conspiracy did not affect Theus's substantial rights. The district court erred, however, when it failed to sentence Theus based on

---

[2]If the jury had compartmentalized the evidence, it would have either (1) convicted Theus of the lesser included conspiracy involving 500 grams or more of cocaine, or (2) acquitted Theus, as it was instructed to do if the government failed prove that Theus was a member of the conspiracy charged in the indictment.

the lesser included offense, conspiracy to possess with intent to distribute more than 500 grams of cocaine.[3]

## C.

Theus suffered prejudice as a result of his counsel's failure to raise either in the district court or on direct appeal the district court's error in imposing a ten-year mandatory minimum sentence for a quantity of cocaine that required only a five-year minimum sentence.[4] During oral argument before this court, counsel stated that there was no sentencing prejudice. Thus, neither the district court nor this court was put on notice that Theus was sentenced to the statutory mandatory minimum sentence on the

---

[3]The indictment charged conspiracy to distribute and possess with intent to distribute five kilograms of a mixture or substance containing cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. "Although section 841(a)(1) is worded in the disjunctive to encompass a number of similar crimes, federal pleading requires that an indictment charge in the conjunctive to inform the accused fully of the charges. . . . Proof of any one of the violations charged conjunctively in the indictment will sustain a conviction." United States v. Klein, 850 F.2d 404, 406 (8th Cir. 1988) (quoting United States v. McGinnis, 783 F.2d 755, 757 (8th Cir. 1986) (internal quotations and citations omitted)). The verdict form was written in the disjunctive, allowing the jury to find that the conspiracy distributed or possessed with intent to distribute five kilograms of cocaine. Although Theus distributed powder cocaine only to Scott, the government proved that Theus possessed more than 500 grams of powder cocaine with the intent to distribute it.

[4]The government argues that our review is limited to the issues specified in the certificate of appealability. The failure to brief the spillover issue should have been framed as whether counsel was ineffective for failing to raise sentencing prejudice. To the extent that we have expanded the certificate to consider counsel's failure to argue sentencing prejudice, we think such expansion is appropriate, particularly because Theus filed his § 2255 motion *pro se*. The issues were thus not presented to the district court as clearly as they might have been. See King, 595 F.3d at 854 n.5 (expanding the certificate of appealability *sua sponte*); United States v. Morgan, 244 F.3d 674, 674-75 (8th Cir. 2001) (en banc) (retaining "discretion to consider *sua sponte* issues beyond those specified in a certificate of appealability").

basis of the amount of cocaine involved in the Rodriguez conspiracy and not on the amount that the district court found was involved in the second, uncharged conspiracy.

We reject the government's argument that its "ox was gored" because it could have charged Theus with a crack cocaine conspiracy and obtained a much higher sentence. Had it intended to prove a crack cocaine conspiracy against Theus, the government should have sought to indict him on that charge. We do not view our decision as a windfall to Theus, because on remand he will be sentenced based on the amount of cocaine the district court found to have been proved.

Conclusion

We reverse the district court's denial of § 2255 relief. We vacate Theus's sentence and remand the case for resentencing based on the amount of cocaine that Theus was found to have possessed with intent to distribute.

RILEY, Chief Judge, concurring in part and dissenting in part.

I concur with the majority that Theus's counsel was not ineffective in failing to move for a new trial and that Theus was not prejudiced by counsel's failure to file a supplemental brief before this court on direct appeal. However, because I cannot agree with the majority's conclusion that Theus was prejudiced by counsel's failure to raise the sentencing prejudice issue, I respectfully dissent.

As an initial matter, it is worth noting the "well established principle" that "[i]ssues raised and decided on direct appeal cannot ordinarily be relitigated in a collateral proceeding based on 28 U.S.C. § 2255." United States v. Wiley, 245 F.3d 750, 752 (8th Cir. 2001). Failure to raise an issue at trial or on direct appeal, of course, may be raised in a § 2255 proceeding if the defendant can show he was prejudiced by, among other things, the ineffective assistance of counsel. See

-12-

Strickland v. Washington, 466 U.S. 668, 694 (1984).  The familiar test for Strickland prejudice is a showing by the defendant "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Id.

The majority holds Theus's counsel was ineffective because, at sentencing and on direct appeal, counsel focused on what I will call "conviction prejudice," embodied by the spillover argument he made on direct appeal, and thereby waived a related theoretical sentencing prejudice argument.  Theus suggests he was prejudiced by counsel's failure to raise the sentencing prejudice issue because a variance between the crime for which he was indicted and the crime of which he was convicted resulted in his being subject to a ten-year, rather than to a five-year, statutory mandatory minimum sentence.  In my view, Theus's claims of sentencing prejudice were considered and rejected by this court on direct appeal and, lacking merit, could not have altered Theus's sentence.

In affirming Theus's conviction on direct appeal, this court "conclude[d] that even if there was a variance, Theus's substantial rights were not affected and that sufficient evidence supports his conviction."  United States v. Theus, 230 F. App'x 642, 643 (8th Cir. 2007) (unpublished per curiam).  The court elected not to decide whether there was a variance, and determined sufficient evidence supported Theus's conviction regardless.  Thus, if there were no variance, there was sufficient evidence to support the charged conviction, and if there were a variance there was sufficient evidence to support the varied conviction.

If there were no variance, any failure by Theus's counsel to raise the issue could not have prejudiced him, because the district court sentenced Theus to the ten-year mandatory minimum for the powder cocaine conspiracy.  If, however, there were a variance, then counsel's failure to raise the issue of the lower mandatory minimum sentence theoretically could have prejudiced Theus.  But Theus could only have been prejudiced if he would have been subject to a lower mandatory minimum for the drugs

in the varied conspiracy. The only potential variance at work in this case is between the charged powder cocaine conspiracy and a smaller uncharged crack cocaine conspiracy.[5] The ten-year mandatory minimum sentence applies to five kilograms of cocaine, or 50 grams or more of cocaine base. See 21 U.S.C. § 841(b)(1)(A)(ii)(II) and (iii).

Theus experienced no sentencing prejudice because, even if there were a variance, Theus is liable for at least 50 grams of cocaine base. The majority opinion discusses how Theus and co-conspirator Scott purchased cocaine, converted it into crack, and sold it. Ante, at 3. "One of Theus's customers testified that he purchased crack cocaine from Theus from 2003 through 2004, buying $100 quantities two to three times each week." Id. This amounts to sales of approximately two to three grams of crack cocaine per week because "Scott testified that he typically sold a gram of crack cocaine to a customer for $100 cash." Id. Thus, Theus more than doubly exceeds the fifty grams required to trigger the ten-year mandatory minimum from a single customer. In further support, Scott pled guilty under a separate indictment to conspiring to distribute more than 50 grams of crack cocaine.

_____

[1]Nothing in the record indicates Theus bought powder cocaine merely for resale. (See App. 42 (The district court found "Theus . . . bought powder cocaine from Delbosque and then rocked up the cocaine and sold it as crack cocaine, sometimes with the help of his uncle, Roosevelt Scott."), 51 (The district court "believe[d] that the Defendant and Roosevelt Scott were jointly involved in their own conspiracy with regard to distributing powder cocaine that the defendant turned into crack.").) While it is true Theus was charged and convicted of the larger powder cocaine conspiracy, the record is clear, to the extent the district court identified a smaller uncharged conspiracy, the smaller conspiracy involved the production and distribution of crack cocaine. Whether a variance involving the drug type is permissible presents some interesting questions, particularly in the powder/crack cocaine area, but those issues are not before the court. Instead, Theus argues counsel was ineffective for failing to argue Apprendi v. New Jersey, 530 U.S. 466, 495 (2000) (holding facts elevating a sentence beyond the statutory maximum must be found by a jury), operates to require a jury determination of the amount of crack cocaine in order for Theus to be subject to the mandatory minimum.

-14-

I believe the prior panel was thinking along these lines when it held there was no prejudice even if there were a variance. That determination is the law of the case and binds us today. See, e.g., Baranski v. United States, 515 F.3d 857, 861 (8th Cir. 2008) ("[T]he law of the case . . . will not be disturbed absent an intervening change in controlling authority."). Counsel could not have been ineffective where, as here, raising the argument would not have changed the result of the proceeding. Moreover, far from deficient performance, counsel's decision not to raise this issue before the district court or on direct appeal, and thus not risk a much higher Guidelines sentence for crack distribution, may well have been a sound tactical choice. See Strickland, 466 U.S. at 689 (recognizing defense counsel must have "wide latitude" in making tactical decisions). I would affirm the district court's denial of Theus's § 2255 motion.

_____