# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-1931

_____

Jerome Jay Bass,

          Appellee,

v.

United States of America,

          Appellant.

\* Appeal from the United States
\* District Court for the
\* District of Nebraska.

_____

Submitted: May 12, 2011
Filed: September 9, 2011

_____

Before MURPHY and COLLOTON, Circuit Judges, and ERICKSON,[1] District Judge.

ERICKSON, District Judge.

After a jury convicted Jerome Jay Bass of conspiring to distribute 50 grams or more of cocaine base, the district court granted Bass's motion for a new trial. The government appealed and this court reversed, holding there was no adequate basis for the order granting a new trial. *United States v. Bass*, 478 F.3d 948, 952 (8th Cir. 2007). On remand, Bass was sentenced to the 10-year statutory minimum and

_____

[1] The Honorable Ralph R. Erickson, Chief Judge, United States District Court for the District of North Dakota, sitting by designation.

appealed the sufficiency of the evidence. We rejected that argument in a one-paragraph unpublished opinion. *United States v. Bass*, 270 Fed. Appx. 467 (8th Cir. 2008). This appeal concerns Bass's subsequent motion for post-conviction relief under 28 U.S.C. § 2255 for ineffective assistance of trial counsel.

The district court granted postconviction relief. The court concluded trial counsel provided ineffective assistance by failing (1) to move in limine to preclude Karlos Harper from testifying; (2) to object to the testimony of Terrell Jackson about Jimmy Swain; and (3) to object to improper vouching by the government during closing argument. The government appeals this determination and we reverse.

"When addressing post-conviction ineffective assistance claims brought under § 2255, we review the ineffective assistance issue de novo and the underlying findings of fact for clear error." *United States v. Regenos*, 405 F.3d 691, 692-93 (8th Cir. 2005). We evaluate claims of ineffective assistance of counsel under the familiar standard established in *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, a § 2255 movant must establish (1) that counsel's representation was deficient and (2) that he suffered prejudice as a result. *Theus v. United States*, 611 F.3d 441, 446 (8th Cir. 2010). "Deficient performance is that which falls below the range of competence demanded of attorneys in criminal cases." *Id.* (quotation omitted). Prejudice requires the movant to establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

A. Motion in Limine and Testimony Regarding Jimmy Swain

The government contends that trial counsel could not have been deficient for failing to move in limine to preclude Karlos Harper from testifying. The government asserts that a district court has no authority to preclude a witness from testifying

-2-

because of her history of untruthfulness in prior proceedings before the court. We need not decide this question – though we note appellate courts have held that a witness's prior perjury does not preclude that witness from testifying. *See United States v. Oros*, 578 F.3d 703, 710-11 (7th Cir. 2009) (stating a witness's testimony is not "per se incredible simply because he once committed perjury"); *United States v. Zizzo*, 120 F.3d 1338, 1347 (7th Cir. 1997) ("even the most dastardly scoundrels, cheats, and liars are generally competent to testify"); *United States v. Margolis*, 138 F.2d 1002, 1004 (3d Cir. 1943) (holding perjury does not preclude a witness from testifying but is rather a credibility issue for the jury). In the government's first appeal, this court concluded that "aside from Mr. Harper's contested testimony," there was "overwhelming evidence" of Bass's participation in a conspiracy to distribute crack cocaine. *Bass*, 478 F.3d at 952. Accordingly here, had trial counsel successfully moved in limine, there is not a reasonable probability that the result of the trial would have been different. Bass simply did not suffer prejudice from the lack of a motion in limine to prevent Karlos Harper from testifying.

Likewise, Bass did not suffer prejudice from counsel's failure to object to the testimony regarding Jimmy Swain. That testimony was, at best, a minor part of a week-long trial and any prejudice cannot overcome the fact that "[s]ix witnesses testified to participating in crack cocaine transactions with Mr. Bass or observing Mr. Bass's crack-related activities." *Id.*

B. Improper vouching

The government next challenges the district court's holding that the prosecutor improperly vouched for her witnesses during closing argument. The district court concluded the following remarks by the prosecutor constituted improper vouching:

> Most of them [the government's witnesses] have testified
> before this trial, but not all. And they know what the truth

is, and they understand it's important, and they came before you and told you the truth about Jerome Bass. Sergeant Langam explained it best when he testified about his personal barometer, how he gauges the truthfulness in proffer interviews. He corroborates the interviews against each other . . . .

On appeal, the government argues the comments were permissible references to the witnesses' plea agreements and a response to defense counsel's challenge to the witnesses' credibility. We agree.

"Improper vouching may occur when the government expresses a personal opinion about credibility, implies a guarantee of truthfulness, or implies it knows something the jury does not." *United States v. Roundtree*, 534 F.3d 876, 880 (8th Cir. 2008). Although attempts to bolster a witness by vouching for his credibility are normally improper, *United States v. McClellon*, 578 F.3d 846, 859 (8th Cir. 2009), the government may explain why the jury might find the government's witnesses credible. *United States v. Bentley*, 561 F.3d 803, 813 (8th Cir. 2009). For example, in *Roundtree*, it was not improper vouching for the government to discuss its witnesses' credibility, including their motivations for testifying and the safeguards to ensure the witnesses did not lie to obtain reduced sentences. 534 F.3d at 881. In *United States v. Littrell*, 439 F.3d 875, 882 (8th Cir. 2006), the prosecutor stated that an investigator was "meticulous" and "telling the truth as he knew it," and that the jury could take another witness's testimony "to the bank." *Id.* at 880. Although these statements may have appeared improper, *id.* at 882, this court reiterated that prosecutors may argue the credibility of witnesses and upon reviewing the statements in context, held they did not constitute the prosecutor putting his personal reputation behind the testimony of his witnesses. *Id.* at 882. Similarly, in *United States v. Jackson*, 915 F.2d 359, 360-61 (8th Cir. 1990), comments that a witness was telling the truth were not improper vouching because the comments derived from a comparison of the evidence

before the jury and did not put the prosecutor's own credibility before the jury. Nor did the comments support an inference of outside knowledge. *Id.*

After careful review of the record of this case, we conclude the contested remarks do not constitute improper vouching. The remarks occurred after the prosecutor discussed the testimony of her witnesses as well as the sentence reductions the witnesses received for testifying. The prosecutor did not ask the jury to rely on her in making its decision, but rather to compare the testimony of the witnesses in deciding whom to believe. The context of the remarks establishes that the prosecutor was arguing the credibility of her witnesses, not vouching for their credibility.

Accordingly, Bass's trial counsel could not have been deficient for failing to object during closing argument. Moreover, even if the remarks were improper, Bass cannot establish prejudice under *Strickland*. *See Snell v. Lockhart*, 14 F.3d 1289, 1300-01 (8th Cir. 1994) ("Perhaps if the evidence had been close, prejudicial closing remarks could have swayed the jury one way or the other. But the evidence here overwhelmingly supported the jury's decision . . . .").

The judgment of the district court is reversed.

_____