# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-2323
_____

Jay Beane

*Petitioner - Appellant*

v.

United States of America

*Respondent - Appellee*

_____

Appeal from United States District Court
for the Northern District of Iowa - Sioux City

_____

Submitted: September 12, 2014
Filed: November 3, 2014
[Unpublished]

_____

Before BYE, COLLOTON, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Jay Beane appeals the denial of his motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 and the denial of his motion for relief pursuant to

18 U.S.C. § 3582(c)(2). The district court[1] held that Beane was not denied his Sixth Amendment right to effective assistance of counsel and that he was not eligible for § 3582(c)(2) relief. For the reasons explained below, we affirm.

A jury found Beane guilty of conspiring to distribute fifty grams or more of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and possession with intent to distribute five grams or more of crack cocaine, in violation of 21 U.S.C. § 841(a)(1). Beane was subject to increased punishment under 21 U.S.C. § 841(b) because he had a prior conviction for a felony drug offense. *See* 21 U.S.C. § 851. At sentencing, the district court determined that Beane was a career offender under USSG § 4B1.1 and calculated an advisory guidelines range of 360 months' to life imprisonment. The court considered the 18 U.S.C. § 3553(a) factors and imposed a sentence of 300 months' imprisonment on each count, to be served concurrently. We affirmed. *United States v. Beane*, 584 F.3d 767, 770 (8th Cir. 2009). Beane then filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, alleging that his counsel was ineffective at sentencing and on appeal. Beane also filed a motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). The district court denied both motions and granted a certificate of appealability on all claims.

"On appeal from a denial of a 28 U.S.C. § 2255 motion, we review the district court's legal conclusions de novo and its factual findings for clear error." *Morelos v. United States*, 709 F.3d 1246, 1249 (8th Cir. 2013). To warrant § 2255 relief for ineffective assistance of counsel, Beane must establish that his counsel's performance was deficient and that he suffered prejudice as a result. *See Paul v. United States*, 534 F.3d 832, 836 (8th Cir. 2008) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). "Deficient performance requires a showing that counsel's representation fell below an 'objective standard of reasonableness.'" *Escobedo v. Lund*, 760 F.3d 863,

---

[1]The Honorable Donald E. O'Brien, United States District Judge for the Northern District of Iowa.

869 (8th Cir. 2014) (quoting *Strickland*, 466 U.S. at 688). "Prejudice requires the movant to establish 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Bass v. United States*, 655 F.3d 758, 760 (8th Cir. 2011) (quoting *Strickland*, 466 U.S. at 694). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

Beane first argues that his counsel was ineffective for failing to challenge his career-offender enhancement on the basis that the Sentencing Commission exceeded its statutory authority in interpreting 28 U.S.C. § 994(h)(2)(B) to authorize inclusion of state-drug convictions when applying the career-offender enhancement. This court considered and rejected this argument in *United States v. Consuegra*, 22 F.3d 788 (8th Cir. 1994), holding that "the language of § 994(h)(2)(B) encompasses earlier convictions for state-law offenses involving the same drug trafficking activities as the specified federal statutes." *Id.* at 790. For this reason, Beane's counsel's representation did not fall below an objective standard of reasonableness when he failed to raise this objection at sentencing or on appeal. *See Horne v. Trickey*, 895 F.2d 497, 500 (8th Cir. 1990) (failing to raise an unwinnable issue does not constitute constitutional ineffectiveness).

Beane next argues that his counsel was ineffective both at sentencing and on appeal for failing to challenge his career-offender enhancement on the basis that it resulted in an unduly harsh sentence. However, Beane's counsel argued at the sentencing hearing that the career-offender enhancement overstated Beane's criminal history because the enhancement subjected Beane to the same sentencing range normally applied to drug "kingpins," and his counsel reminded the court of its ability to disagree with the guidelines' policy and sentence accordingly, *see Kimbrough v. United States*, 552 U.S. 85, 109 (2007). The sentencing court acknowledged these arguments in varying downward from the advisory sentencing guidelines range. Accordingly, Beane's sentencing counsel was not deficient. Likewise, Beane's

appellate counsel was not deficient in omitting the argument that the district court abused its discretion by imposing an unreasonable sentence. *See Smith v. Murray*, 477 U.S. 527, 536 (1986) (noting that the "process of 'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail . . . is the hallmark of effective appellate advocacy" (quoting *Jones v. Barnes*, 463 U.S. 745, 751-52 (1983))); *United States v. Zauner*, 688 F.3d 426, 429 (8th Cir. 2012) (noting that, "[w]hen a district court varies downward from a presumptively reasonable guideline sentence, 'it is nearly inconceivable that the court abused its discretion in not varying downward still further'" (quoting *United States v. Lazarski*, 560 F.3d 731, 733 (8th Cir. 2009))). Beane further argues that his counsel should have challenged his sentence because the same prior convictions were used for both the § 851 sentencing enhancement, which raised Beane's statutory mandatory minimum sentence from 120 months' to 240 months' imprisonment, and the career-offender designation. The district court noted that it was aware that the same prior convictions were being used for both purposes, and our case law establishes that such use is permissible, *see United States v. Quiroga*, 554 F.3d 1150, 1158 (8th Cir. 2009). Accordingly, Beane was not denied his Sixth Amendment right to effective assistance of counsel with this omission during sentencing or on appeal. See *Horne*, 895 F.2d at 500.

Finally, Beane argues that the district court erred by denying his motion for relief pursuant to 18 U.S.C. § 3582(c)(2). Such relief is proper when "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). This court reviews *de novo* a ruling on the district court's authority to reduce a sentence under § 3582(c)(2). *United States v. Washington*, 618 F.3d 869, 872 (8th Cir. 2010).

Beane moved for a sentence reduction under § 3582(c)(2), alleging that he was eligible for such relief because the crack-cocaine guidelines, which the Sentencing Commission lowered in response to the Fair Sentencing Act of 2010, served as a basis

for his sentence. The district court rejected Beane's argument, noting that the court sentenced Beane as a career offender, and the relief he requested under § 3582(c)(2) is unavailable to defendants who were sentenced as career offenders. We agree. *See United States v. Collier*, 581 F.3d 755, 758-59 (8th Cir. 2009). On appeal, Beane argues that, even if the crack-cocaine guidelines were not the basis of his sentence, they nevertheless were "a relevant part of the analytical framework the judge used to determine the sentence." *Freeman v. United States*, 131 S. Ct. 2685, 2692-93 (2011) (plurality opinion) (discussing whether defendants who enter into Federal Rule of Criminal Procedure Rule 11(c)(1)(C) agreements were sentenced "based on" a given guidelines sentencing range). Beane contends that the logic of *Freeman* requires this court to find that the district court erred in denying him § 3582(c)(2) relief. We considered and rejected this argument in *United States v. Harris*, 688 F.3d 950, 953-55 (8th Cir. 2012), holding that a defendant convicted of a crack-cocaine offense and sentenced as a career offender, even when granted a downward variance from his guidelines range, is ineligible for such § 3582(c)(2) relief. Accordingly, the district court did not err by denying Beane's § 3582(c)(2) motion.

For the foregoing reasons, we affirm the district court's denials of Beane's § 2255 and § 3582(c)(2) motions.

_____